## HOFFA ET AL. *v.* UNITED STATES.

No. 1003.   Decided May 22, 1967.

*Maurice J. Walsh, Morris A. Shenker, Joseph A. Fanelli, Frank Ragano, George F. Callaghan, Richard E. Gorman, Jacques M. Schiffer* and *Charles A. Bellows* for petitioners.

*Solicitor General Marshall, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Jerome M. Feit* for the United States.

PER CURIAM.

Petitioners were convicted of various counts under a 28-count indictment charging mail and wire fraud, in violation of 18 U. S. C. §§ 1341, 1343, and conspiracy,

232

in violation of 18 U. S. C. § 371. The United States claimed, and the jury apparently found, that petitioners conspired to defraud, and did defraud, the Central States, Southeast and Southwest Areas Pension Fund of the International Brotherhood of Teamsters, with the prime objective of financially rehabilitating Sun Valley, Inc., a real estate enterprise in which certain of the petitioners had important interests. For reasons which follow, we do not reach, one way or the other, any of the contentions urged by petitioners in support of their petition for a writ of certiorari.

In response to the petition, the Solicitor General *sua sponte* has advised the Court that on December 2, 1963, some six months after the indictment in this case, a conversation between petitioner Burris and one Benjamin Sigelbaum, not a defendant in this prosecution, was overheard by agents of the Federal Bureau of Investigation as a result of electronic eavesdropping. The eavesdropping equipment had been installed in Sigelbaum's office, by trespass, some 12 months before this conversation, and thereafter had been maintained in operation. We are informed by the Solicitor General that the recorded conversation was concerned both with the proposed transfer to Sigelbaum of Burris' interest in Sun Valley, and with the conduct of the defense to this prosecution. The Solicitor General has indicated that the contents of the recording were available to government attorneys involved in this prosecution, but adds that the recording was only "peripherally relevant to the charges underlying [Burris'] conviction."* We are, moreover, advised by him that the information obtained through this electronic eavesdropping was not introduced into evidence at trial, that it was never the basis of any investigative lead, and that it was in part already

---

*Brief for the United States in Opposition 70.

known, through Burris' own statements, to government attorneys. Unlike the situations in *Black* v. *United States,* 385 U. S. 26, and *O'Brien* v. *United States,* 386 U. S. 345, there was apparently no direct intrusion here into attorney-client discussions. In these circumstances, we find no "adequate justification," *Black* v. *United States, supra,* at 29, now to require a new trial of Burris or of any of the other petitioners; the more orderly and appropriate procedure is instead to remand the case to the District Court for a hearing, findings, and conclusions on the nature and relevance to these convictions of the recorded conversation, and of any other conversations that may be shown to have been overheard through similar eavesdropping. *United States* v. *Shotwell Mfg. Co.,* 355 U. S. 233.

We do not accept the Solicitor General's suggestion that such an inquiry should be confined to the conviction of Burris. We consider it more appropriate that each of these petitioners be provided an opportunity to establish, if he can, that the interception of this particular conversation, or of other conversations, vitiated in some manner his conviction. We do not intend by this to suggest that any or all of the petitioners might, under the circumstances described by the Solicitor General, be entitled to a new trial; we decide only that further proceedings must be held, and findings and conclusions made, to determine the content and pertinence to this case of any such recorded conversations.

Accordingly, we grant the petition for a writ of certiorari as to each of the petitioners, vacate the judgment of the Court of Appeals, and remand the case to the District Court for further proceedings. In such proceedings, the District Court will confine the evidence presented by both sides to that which is material to questions of the content of this and any other electronically eavesdropped conversations, and of the relevance of any such

conversations to petitioners' subsequent convictions. The District Court will make such findings of fact on these questions as may be appropriate in light of the further evidence and of the entire existing record. If the District Court decides, on the basis of such findings, that the conviction of any of the petitioners was not tainted by the use of evidence thus improperly obtained, it will enter new final judgments as to such petitioners based on the existing record as supplemented by its further findings, thereby preserving to all affected parties the right to seek further appropriate appellate review. If, on the other hand, the District Court concludes after such further proceedings that the conviction of any of the petitioners was tainted, it would then become its duty to accord any such petitioner a new trial. See *United States* v. *Shotwell Mfg. Co., supra,* at 245–246; see also *Shotwell Mfg. Co.* v. *United States,* 371 U. S. 341.

The petition for a writ of certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*It is so ordered.*

Mr. Justice Black would grant certiorari and set the case for argument. He dissents from the vacation of the judgment of the Court of Appeals and from the remand of the case to the District Court.

Mr. Justice White took no part in the consideration or decision of this case.