**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Milton JOHNSTON, Defendant-
Appellant.**

**No. 17416.**

United States Court of Appeals,
Seventh Circuit.

May 14, 1970.

Max Cohen, Holland, Cohen, Delph & McKenna, Gary, Ind., for defendant-appellant.

Alfred W. Moellering, U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Before HASTINGS and KNOCH, Senior Circuit Judges, and DILLIN,* District Judge.

KNOCH, Senior Circuit Judge.

Defendant-appellant, Arthur Milton Johnston, appeals from his conviction in a jury trial for violation of Title 21 U.S.C. § 331(q) (2) and (3) in seven counts, four charging sale of a depressant or stimulant drug and three charging unlawful possession of such a drug, and resultant sentence to serve, consecutively, one-year terms on each of the first three counts, with suspension of sentence of one year on each of the remaining four counts, five years' probation to follow the three consecutive one-year sentences and a fine of $1000 on the first count.

A number of errors have been alleged concerning denial of motion to suppress, sufficiency of the evidence to convict, denial of motions for mistrial, deficiency in instructions and reception of prejudicial hearsay testimony over objection.

■ The defendant had interposed a defense of entrapment. The government sought to prove a predisposition to commit the crimes charged to show that the police officers acted reasonably in providing an opportunity for the defendant to commit the crime charged if he were then apt and willing to do so. The evidence included testimony by SGT Kenneth P. Wolfe of the Indiana State Police that LT Ed Burke (then SGT Burke) of the Indiana State Police, in August 1967, said he had information that defendant was dealing in hard narcotics. LT Burke of the Criminal Investigation Division, General Headquarters in Indianapolis, testified that he derived this information, some two years prior to his conversation with

SGT Wolfe, from a narcotics addict of many years, who had served about twelve years in prison and who died in December 1966. The informant had said that on one occasion, no date given, he had exchanged stolen goods with defendant for morphine. The information had never been followed up, and the informant never again referred to such transactions during his subsequent dealings with LT Burke.

The Trial Judge made strenuous efforts prior to and during elicitation of this testimony to impress on the jury the extremely limited purpose for which the testimony was received.

Defendant argues that the alleged incident dealt with a crime different from those charged, i. e., dealing in hard narcotics and stolen merchandise as compared to dealing in the sodium nembutal here involved; there was no other evidence of defendant's conviction of offenses or even of trafficking in narcotics; the incident was too remote and the hearsay unreliable.

The Trial Judge's concern about this testimony was evident. At the time he ruled on the motions to strike, for mistrial and for new trial, counsel had not cited the case of Hansford v. United States, 1962, 112 U.S.App.D.C. 359, 303 F.2d 219, on which defendant relies here. There David Louis Hansford, charged with sale of heroin to a special employee of the Police Department, presented a two-fold defense: that he did not make the sale, but if the jury believed it did occur, then the government's evidence showed it to be the result of entrapment. In rebuttal a police officer testified over defense objection that nine months earlier he had observed Mr. Hansford with a cellophane bag from which he was selling white powder capsules to other addicts, that the officer himself had then tried without success to make a purchase. He testified at first that he had made a report of this incident at the time, but, after an oppor-

---

* Judge Dillin is sitting by designation from the United States District Court for the Southern District of Indiana.

tunity to search the records was granted, he was no longer sure he had made such a report and concluded that he did not file one.

The District of Columbia Circuit sitting en banc considered both Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 and Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, on which the government relies here. The Court said (303 F.2d p. 223) that entrapment as viewed in those cases had two features: (1) proof of inducement or active participation of a government agent and (2) opportunity for the government to show predisposition or readiness of the accused to commit the offense.

The District of Columbia Circuit concluded that apart from the absence of a report (pp. 225-226) admission of the police officer's testimony was error and that the "searching inquiry" into defendant's conduct and predisposition, of which Sorrells speaks, must be controlled in some reasonable manner. As the single incident occurring nine months prior was without corroborating witnesses, was not the subject of an arrest, indictment or conviction, defendant had no opportunity to prepare to defend against it apart from his own unsupported denial. This was considered to be so prejudicial as to outweigh the probative value of the testimony on the issue of predisposition. We have arrived at the same conclusion with respect to the case before us.

Although government witness Ernest R. Powell testified at length to transactions with defendant concerning sales of merchandise, after which he had succeeded in purchasing the drugs from defendant, at no time did he characterize the merchandise as stolen goods. When SGT Wolfe testified he quoted Mr. Powell as saying defendant was a "big fence" with $50,000 to $100,000 worth of stolen merchandise at any one time, operating through a large number of shoplifters who delivered their merchandise to a "front" man who in turn sold to defendant at 30% of the retail value.

The District Court denied a motion for mistrial and instead admonished the jury to disregard this evidence. Defendant concedes that this might have been harmless error but for the hearsay statement of the dead informant which also referred to stolen merchandise. In a new trial we trust this error will not recur.

■■ There is divergence of opinion among the Circuits concerning alternative defenses. In the District of Columbia Circuit, as Hansford, supra, indicates, one may deny commission of the act and still plead entrapment into committing it. In this Circuit, United States v. Roviaro, 7 Cir., 1967, 379 F.2d 911, and cases there cited; United States v. Carter, 7 Cir., 1963, 326 F.2d 351, absent admission of the act an instruction on entrapment will not be submitted to the jury. Such instruction was properly denied with reference to the possession counts respecting which defendant's wife testified that the drugs were lawfully in defendants' home for years for use by his wife, his mother and himself. The government introduced evidence of normal and fatal dosages to show that the quantity possessed and sold would give rise to a reasonable inference that it was not for personal use. United States v. Cerrito, 7 Cir., 1969, 413 F.2d 1270, 1273, cert. den., 1970, 396 U.S. 1004, 90 S.Ct. 554, 24 L.Ed.2d 495. We have considered the instructions given and find no error. Nor can we agree that the evidence proved entrapment as a matter of law. According to the government's witnesses, Mr. Powell's requests were for hard narcotics; it was defendant who suggested phenobarbital in the first instance, which Mr. Powell refused, and on another occasion produced the yellow capsules which Mr. Powell described as sodium nembutal.

■ We agree with the District Judge's cogent statements in his Memorandum that motion to suppress the evidence seized in a search conducted at the time of arrest was properly denied. The number of officers present was explained by the information previously

received that defendant's home was well armed. These reports were confirmed by the ammunition found. The items offered in evidence were found in the same room in which the defendant was arrested and in the immediately adjoining space, well within his reach. The undercover officer made the last purchase and signalled waiting officers to come and help to effect the arrest, which was thus made in connection with an offense committed in the presence of the arresting officer without delay.

Reversed and remanded for a new trial.