**UNITED STATES of America,
Appellee,
v.
George Arwood STIDHAM and Tommy
Leroy Bacon, Appellants.
Nos. 71–1541, 71–1542.**

United States Court of Appeals,
Tenth Circuit.

May 12, 1972.

Don Hamilton, Oklahoma City, Okl., for appellants.

William R. Burkett, U. S. Atty., for appellee.

Before CLARK*, Associate Justice, and SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a kidnapping conviction under 18 U.S.C. § 1201(a) on a jury verdict in the United States District Court for the Western District of Oklahoma.

The evidence at trial showed that on April 24, 1971, the defendants-appellants, in the company of a third person not a party to this case, escaped from

---

* Associate Justice of the United States Supreme Court, Retired, sitting by designation.

the Cleveland County Jail in Norman, Oklahoma. The three escapees, once outside the jail, proceeded to a street corner where they approached a car being driven by Barry Davis, a student at the University of Oklahoma, who was on his way to work. Davis testified that he did not have time to give the three men a ride, but since his was the only car at the intersection, he felt that he should explain his situation to them. He rolled down his window to do so and one of the men stated they only wanted to go a short distance in the direction Davis was headed. All three men then climbed into Davis' car. At trial, Davis testified:

"We proceeded a little ways in the car to the next stop light which was about half a block. Stidham pulled out a butcher knife and said, 'We just escaped from jail and we want to get as far away from Norman as possible.' And he said, 'We will not harm you if you cooperate, but we have done things like this before and we won't think twice about doing it again.'"

According to Davis, defendant Bacon took over the driving, and he was put in the back seat with the other two men. Bacon drove the car, with Davis in it, across the Oklahoma state line and into Texas, traveling through Dallas, Austin, and San Antonio, making occasional refueling stops on the way. They eventually stopped at a gas station in Dilley, Texas, and while the men took turns using the restroom facilities, Davis fled and sounded an alarm.

The escapees were apprehended and returned to Oklahoma.

The three initial defendants pled not guilty to the charge, but before trial one changed his plea to guilty, and received a five year sentence. At the joint trial of defendants Stidham and Bacon, both were found guilty as charged and sentenced to fifteen years each, said sentences to run consecutive to any other sentences. The judgments and sentences of the trial court are the subjects of this appeal.

■ The first point raised on appeal is that in the selection of the jury appellants were not accorded the correct number of peremptory challenges. The specific contention is that in joint trials each codefendant should be given the statutory number of peremptory challenges, so that one will not be forced to acquiesce in the selections or rejections of the other.

Rule 24, Fed.R.Crim.P., says:

"(b) Peremptory Challenges. . . . . If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges. . . . If there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly."

The United States calls our attention to the Supreme Court's language in Stilson v. United States, 250 U.S. 583, 40 S. Ct. 28, 63 L.Ed. 1154 (1919):

"There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured. The number of challenges is left to be regulated by the common law or the enactments of Congress. That body has seen fit to treat several defendants, for this purpose, as one party. If the defendants would avail themselves of this privilege they must act accordingly. It may be, as is said to have been the fact in the trial of the present case, that all defendants may not wish to exercise the right of peremptory challenge as to the same person or persons, and that some may wish to challenge those who are unobjectionable to others. But this situation arises from the exercise of a privilege granted by the legislative authority and does not invalidate the law. The privilege

must be taken with the limitations placed upon the manner of its exercise."

See also United States v. Hohensee, 243 F.2d 367 (3d Cir. 1957).

As in United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969), the appellants here do not claim that the jury was unfair or partial. We therefore point out that under the law when several defendants are indicted and tried together, they have a right to no more challenges than a single defendant. United States v. Hoffa, 367 F.2d 698 (7th Cir. 1966), vacated on other grounds, 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738, on remand 273 F.Supp. 141; United States v. Crutcher, 405 F. 2d 239 (2d Cir. 1968), cert. den. 394 U. S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219.

■ Appellants also contend that the trial court erred in permitting an agent of the Federal Bureau of Investigation to sit at the counsel table and assist the prosecution. The FBI agent was permitted to remain in the courtroom after the trial judge had agreed to exclude all persons who were to be called as witnesses. It is conceded that he did not testify in the trial. In Johnston v. United States, 260 F.2d 345 (10th Cir. 1958), this court said:

"Defendants contend·that the court erred in permitting an agent of the F.B.I. to sit at the counsel table and assist the government in the presentation of evidence after the court had invoked the rule excluding witnesses. This agent did not testify at the trial, and the defendants were not prejudiced by his presence. The question of whether witnesses should be excluded from the court room while not testifying is addressed to the sound discretion of the trial court and is subject to review only upon a showing of abuse of that discretion or manifest

injustice. Oliver v. United States, 10 Cir., 121 F.2d 245, and cases cited. Furthermore, unless there is an abuse of discretion, it is not error for a trial court to permit an officer of the United States to remain in the court room throughout the trial and advise counsel for the government, even though the officer testified as a witness." (Citations omitted).

Thus in the absence of a showing of prejudice, we find no error arising from the presence of the agent.

■ The third point raised by appellants is that the trial court erred in refusing to permit them to examine presentence reports with which it had been furnished. Rule 32(a), Fed.R.Crim.P., provides that disclosure of the contents of a presentence report to defendant or his counsel is permissive. We have held that it is not a violation of due process to deny a defendant's request to see the presentence report. Cook v. Willingham, 400 F.2d 885 (10th Cir. 1968), and cases cited therein. Also see United States v. Baker, 429 F.2d 1344 (7th Cir. 1970); Fernandez v. Meier, 432 F.2d 426 (9th Cir. 1970); United States v. Warren, 432 F.2d 772 (5th Cir. 1970); United States v. Hendrickson, 442 F.2d 360 (3d Cir. 1971); United States v. Bryant, 442 F.2d 775 (D.C.Cir.1971).

■ Appellants also challenge their sentences on the ground that they are longer than that given the third escapee who pled guilty. They urge that they were thereby deprived of their constitutional right to equal protection. It is suggested that the difference in sentences indicates a form of judicial punishment for having pled not guilty.

The statute provides that offenders such as appellants who do not harm their kidnap victim shall be punished "by imprisonment for any term of years or for life . . .." 18 U.S.C. §

1201(a). In United States v. Stubblefield, 408 F.2d 309 (6th Cir. 1969), it was held that a twenty-five year sentence imposed on a defendant convicted of kidnapping was clearly within permissible limits of the statute, and was not an abuse of discretion, even though a codefendant who had pled guilty to the same indictment before another judge had received a lesser sentence. This court has consistently held that it is within the sole discretion of the trial court to determine the sentence to be imposed, and the appellate court will not act so long as the sentence is within the statutory limits prescribed by Congress. Wagstaff v. United States, 370 F.2d 444 (10th Cir. 1966); Welch v. United States, 371 F.2d 287 (10th Cir. 1966); Weissman v. United States, 387 F.2d 271 (10th Cir. 1967); Williams v. United States, 402 F.2d 47 (10th Cir. 1967); United States v. Winn, 411 F.2d 415 (10th Cir. 1969); Andrus v. Turner, 421 F.2d 290 (10th Cir. 1970).

The final contention presented to us is that the convictions are not supported by the evidence. Appellants characterize the evidence as establishing nothing more than an uneventful ride to Texas, initiated by the overtures of the witness Davis. In light of Davis' testimony concerning appellant Stidham's brandishing of a knife, his threatening statements, and the involuntary nature of the entire episode on his part, this contention appears frivolous at best. The elements of kidnapping were present and supported by substantial evidence. See Hattaway v. United States, 399 F.2d 431 (5th Cir. 1968). We must therefore uphold the convictions. United States v. Mecham, 422 F.2d 838 (10th Cir. 1970); Bailey v. United States, 410 F.2d 1209 (10th Cir. 1969), cert. den. 396 U.S. 933, 90 S.Ct. 276, 24 L.Ed.2d 232.

The judgment of the trial court is affirmed.