**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James R. HOFFA and Calvin Kovens,**
**Defendants-Appellants.**

**Nos. 73–1123, 73–1124.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 14, 1973.

Decided May 17, 1974.

Harvey M. Silets, Theodore A. Sinars, Carl M. Walsh, Chicago, Ill., for defendants-appellants.

James R. Thompson, U. S. Atty., Martin B. Lowery, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and PELL and SPRECHER, Circuit Judges.

PELL, Circuit Judge.

Appellants, James Hoffa and Calvin Kovens, appeal from the district court's taxation of costs of prosecution to them. The appellants were convicted in 1964 of conspiracy and mail and wire fraud. They were sentenced to various terms of imprisonment and fined certain sums together with the costs of prosecution. Subsequent to sentencing, various appeals were taken. In 1972, within one year of the entry of the final order in the case, the Government filed a bill of costs.

Conceding that the taxation of costs is a matter of the district court's discre-

tion, the appellants raise three issues on appeal: (1) whether the doctrine of laches prohibits the Government from presenting its bill of costs; (2) whether costs were properly assessed for Government witnesses who were subpoenaed but did not testify; (3) whether costs were properly assessed for Government witnesses at a post-appeal hearing.

*I. Laches.*

The appellants first contend that since the Government presented its bill of costs more than eight years after the entry of judgment, the Government has been guilty of laches and should be estopped from collecting these costs at this time. The appellants note that the rules for imposition of costs in criminal cases are the same as in civil cases. Bozel v. United States, 139 F.2d 153, 157 (6th Cir. 1943), cert. denied, 321 U.S. 800, 64 S.Ct. 937, 88 L.Ed. 1087 (1944); 2 Wright, Federal Practice and Procedure: Criminal § 528, at 432 (1969). All of the Federal Rules of Civil Procedure, including Rule 54(d) relating to costs, must be interpreted in light of Rule 1, which provides that the rules "shall be construed to secure the just, *speedy*, and inexpensive determination of every action." (Emphasis added.) To permit the Government to recover its costs now, appellants argue, would violate the directive of Rule 1. In so arguing, the appellants rely on United States v. Pinto, 44 F.R.D. 357 (W.D. Mich.1968), in which a delay of almost four years in presenting a bill of costs was held to violate the provisions of Rule 1. As further evidence that the delay in the present case is unreasonable, the defendants point out that where local court rules have been adopted on the subject, the time limit for filing a bill of costs is typically 10 days. If 10 days is a reasonable period, appellants contend, eight years must surely be unreasonable.

Two factors cause us to find the defendants' contention of laches unper-

suasive. First, during the eight years between the entry of judgment and the filing of the bill of costs, appellants pursued a series of appeals. United States v. Pinto is clearly distinguishable since in that case there was a simple consent judgment with no appeals following. Moreover, the Government did, in the present case, file its bill within one year of the entry of the final order. Second, there was no local rule relating to the time for filing a bill of costs in existence when the judgment was entered.[1] The cases cited by appellant dealing with delay where there is such a local rule are, therefore, inapplicable to the situation before us. We are unwilling to declare that the mere fact of an excess of time over that specified in local rules in other jurisdictions is *ipso facto* unreasonable. In the absence of such a local rule, the circumstances of the particular case must be considered in determining whether the delay was reasonable. While eight years is obviously a long time, nevertheless—in view of the complicated nature of the case, the series of appeals encompassing seven years, the fact that the bill was filed within one year after the final culmination of the case, the obvious situation that the costs were not going to be paid until every appellate avenue had been exhausted, and the absence of a local rule—we are unable to say the delay violates Rule 1. Therefore, the district court did not abuse its discretion in taxing costs to appellants.

*II. Witnesses.*

The bill of costs assessed against the appellants includes fees for approximately 28 witnesses who were subpoenaed but who never testified. The Government acknowledges that the longstanding rule of this circuit is that a presumption exists that the testimony of such witnesses was not material and, therefore, the fees attributable to these witnesses are not chargeable.

---

1. Both sides agree that Local Rule 45, recently adopted by the United States District Courts for the Northern District of Illinois, is inapplicable to the present case.

"[W]hen witnesses are subpoenaed, but do not testify, the presumption is that their testimony was not material and that they were unnecessarily brought to court, and . . . the fees of such witnesses are not chargeable against the losing party." United States v. Lee, 107 F.2d 522, 527 (7th Cir. 1939), cert. denied, 309 U.S. 659, 60 S.Ct. 513, 84 L.Ed. 1008 (1940).

This presumption may be rebutted by proving to the trial court that these non-testifying witnesses were, in fact, material and necessary to an issue in the case. Thus, in United States v. Lee, *supra,* this court affirmed the granting of such costs where the district court had acted on the basis of duly verified affidavits. Similarly, in Federal Savings & Loan Ins. Corp. v. Szarabajka, 330 F.Supp. 1202 (N.D.Ill.1971), the judge granted such costs after reviewing the depositions of the nontestifying witnesses.

■ Unlike *Lee* and *Szarabajka,* Government counsel here did not produce statements of the nontestifying witnesses or explain how the proposed testimony of each such witness was necessary to its case. Rather, Government counsel merely asserted, without presenting any foundation, that the testimony of all subpoenaed witnesses was necessary. Such a bald assertion is not sufficient to rebut the presumption of immateriality. The Government contends that the district judge had "intimate firsthand knowledge" of the case and, therefore, no further explanation of the necessity of the nontestifying witnesses was required. This contention is without merit for even if the busy trial judge's memory could successfully span nearly a decade as to what witnesses' testimony was relevant and material to an issue in the case and reasonably necessary to its disposition, Federal Savings & Loan Ins. Corp. v. Szarabajka, 330 F.Supp. 1202 (N.D.Ill.1971), we cannot conceive that he could have applied the test to witnesses who did not reach the stand.

As the matter stands on this appeal, the presumption of immateriality by the nontestifying witnesses has not been rebutted. It certainly was not rebutted, in our opinion, by the suggestion, in a district court brief filed by the Government, that perhaps these witnesses were to identify the voluminous documents gathered by the prosecution and that their testimony was ultimately deemed unnecessary. Therefore, it is necessary that we reverse the district court's order insofar as it pertains to the costs of the 28 witnesses. This is not so much a matter of abuse of discretion as it is that we are unable to find that any real consideration was given to the question of materiality of their testimony.

The reversal projects the next question being the status of whether further proceedings in this matter are proper. The appellants argue, apparently on some sort of an equitable theory, that the order should be vacated as to the 28 witnesses and no further consideration should be given to this phase of the case. While we appreciate the desirability of terminating litigation with reasonable dispatch, we do not think that the Government, if in fact the 28 witnesses were material in the sense in which we have discussed that matter, should be deprived of the opportunity of showing this.

Accordingly, this issue will be remanded for further proceedings. This does not necessarily require an evidentiary hearing. *Lee, supra.* There should be a determination, however, on a factual basis, and in the absence of demonstrable facts the presumption will prevail.

*III. Post-Appeal Hearing.*

■ Finally, the defendants object to the inclusion in the bill of costs of fees relating to a hearing following the initiation of their appeals. This hearing was ordered by the United States Supreme Court [Hoffa v. United States, 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738 (1967)] to determine whether certain evidence used by the Government at the trial tainted the proceedings. (The evidence in question was the tape from

an admittedly illegal wiretap.) The appellants contend that these fees are not taxable since such fees arose as a result of appealing and amount to an additional penalty on exercising the right to appeal.[2]

The hearing on remand was clearly a result of defendants' appeal as well as being a phase thereof. Had Hoffa and Kovens not appealed, the hearing would not have been ordered and the costs attributable to it not incurred. While we have found no case dealing directly with this issue, the situation is somewhat analogous to that in North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969), where the Supreme Court held that due process required that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." The Court in *Pearce* noted that "[a] court is 'without right to \* \* \* put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered. . . .' " 395 U.S. at 724. When costs are taxed to a defendant in a criminal case, the costs are part of the sentence. Barnes v. United States, 223 F.2d 891, 892 (5th Cir. 1955). By charging the appellants here with the cost of the post-judgment, appeal-connected hearing, the trial court has, without any statement of reasons, effectively increased penalties because of the appeal. Such a practice, if it is allowed, will discourage defendants from fully exercising their right of appeal.

Further, it is of significance that the sole purpose of the hearing was to determine whether the wiretap evidence, which was not admitted by the Government to be illegal until the appeals were lodged in the Supreme Court, tainted the trial proceedings from which the appeals were being taken.

In accordance with this opinion, the judgment of the district court is affirmed except (a) as to the 28 nontestifying witnesses, as to which the cause is remanded for further proceedings in accordance with this opinion and (b) as to the costs attributable to the post-conviction hearing as to which the judgment is reversed and vacated.

2. Rule 39(b) of the Federal Rules of Appellate Procedure is not directly applicable to the present case since the action, upon remand from the Supreme Court, was within the sole jurisdiction of the district court. Rule 39(b) is relevant, however, insofar as it indicates a general policy of not taxing the costs of the appellate processes to the defendant in cases involving the United States, unless such taxing is authorized by law.