UNITED STATES of America

v.

John N. MITCHELL et al.,
Defendants.

Crim. No. 74–110.

United States District Court,
District of Columbia.

Feb. 14, 1975.

918

Henry S. Ruth, Sp. Prosecutor, Peter M. Kreindler, Counsel to Sp. Prosecutor, Richard Ben-Veniste, Kenneth S. Geller, Peter F. Rient, Richard Weinberg, Asst. Special Prosecutors, Watergate Special Prosecution Force, Washington, D. C., for United States.

Verner, Liipfert, Bernhard & Mc-Pherson, Berl Bernhard, John A. Merri-gan, Washington, D. C., for Walter Taylor, motion to quash subpoena.

William G. Hundley, Plato Cacheris, Washington, D. C., for defendant John N. Mitchell.

John J. Wilson, Frank H. Strickler, Washington, D. C., for defendant Harry R. Haldeman.

William Snow Frates, Andrew C. Hall, Miami, Fla., for defendant John D. Ehrlichman.

David G. Bress, Thomas C. Green, Washington, D. C., for Robert C. Mardian.

## OPINION AND ORDER

SIRICA, District Judge.

These matters come before the Court on the post-trial motions filed by defendants John N. Mitchell, Harry R. Haldeman, John Ehrlichman and Robert C. Mardian who were convicted of certain offenses in the recent trial of this case and on the motion of Walter Taylor to quash a subpoena served upon him by Mr. Haldeman. The Court heard oral argument on these motions on January 7, 1975, and took them under advisement.

I. HALDEMAN'S JANUARY 3, 1975, MOTION FOR A NEW TRIAL AND TAYLOR'S MOTION TO QUASH SUBPOENA.

On January 3, 1975, defendant Haldeman filed a Motion For A New Trial And For Issuance Of Subpoenas In Support Thereof. The ground for this motion is a newspaper article attributed to Walter Taylor wherein it is alleged that in the course of an interview one of the members of the jury that convicted the defendants "hinted" that some jurors had disregarded the Court's instructions not to watch television or read newspapers during the periods they were not under supervision. Haldeman argues that a hearing into this matter is required and that subpoenas directed to Taylor and the juror should issue.

The government responded by citing a later newspaper article in which the same juror denied ever making such a

remark. Another article in which another member of the sequestered panel refuted the suggested impropriety has been brought to the Court's attention.

■ An alleged "hint" by a juror that some jurors might have seen television or read newspapers does not, without more, present good cause for the Court to conduct a hearing. See May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994, cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949); Bratcher v. United States, 149 F.2d 742 (4th Cir.), cert. denied, 325 U.S. 885, 65 S.Ct. 1580, 89 L.Ed. 2000 (1945); Beard v. United States, 65 App.D.C. 231, 82 F.2d 837, cert. denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382 (1936). See also United States v. Hoffa, 367 F.2d 698 (7th Cir. 1966), vacated on other grounds, 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738 (1967).

Therefore, in accordance with the Court's statements at the time of the hearing, the aforesaid Motion For A New Trial is denied.

As for the subpoena served by Mr. Haldeman, Mr. Taylor has asserted by way of affidavit that he was not the person who interviewed the juror nor was he the one who wrote that portion of the newspaper article dealing with her interview. Inasmuch as the requested hearing has been denied the subpoena, of course, will be quashed.

The Motion To Quash Subpoena filed February 7, 1975, by Walter Taylor is granted.

## II. HALDEMAN'S MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

■ On February 4, 1975, Mr. Haldeman filed a Motion For A New Trial Based On Newly Discovered Evidence. As the principal ground for this motion the defendant cites statements made by former Special Prosecutor Jaworski on January 30, 1975, before the House Subcommittee on Criminal Justice. Mr. Jaworski there revealed for the first time that he alone had listened to certain Presidential tape recordings. Mr. Haldeman contends that this disclosure indicates that the defendants were not given all the information they were entitled to under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The movant has requested an evidentiary hearing into the matter, and, if necessary, a new trial.

The government has filed affidavits of both the present and former Special Prosecutors to the effect that they know of no information that was exculpatory of or favorable to the defense that was not produced by the prosecution during pre-trial discovery.

The Court has carefully considered the transcript of the hearing held before the Subcommittee on Criminal Justice and has found nothing in any of the statements of either Mr. Jaworski or Mr. Ruth that would support the defendant's suggestion that the *Brady* rule was not fully complied with by the prosecution.

The abovementioned Motion For New Trial Based On Newly Discovered Evidence is denied.

## III. HALDEMAN'S MOTION FOR ARREST OF JUDGMENT.

On January 17, 1975, defendant Haldeman filed a Motion For Arrest Of Judgment pursuant to Rule 34 of the Federal Rules of Criminal Procedure. The ground for this motion is the defendant's assertion that the term of the Grand Jury which returned the defendants' indictment was unlawfully extended.

The same argument was raised by this defendant in a motion to dismiss which the Court denied by Order of July 9, 1974. Subsequent petitions for writs of mandamus and for certiorari were also denied on August 14, and November 11, 1974, by the Court of Appeals and the Supreme Court respectively.

■ In opposing this motion the government contends that it does not come within the proper scope of Rule 34. See United States v. Sisson, 399 U.S.

267, 281–282, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970). At most, Mr. Haldeman has alleged the existence of a defect in the institution of the proceedings, not a lack of jurisdiction—the proper basis for a Rule 34 motion. See generally United States v. Wilson, 140 U.S.App.D. C. 220, 434 F.2d 494, 496 (1970). Furthermore, the government relies upon and offers support for the Court's earlier ruling that the extension of the grand jury term was not unlawful.

The Court has been shown nothing that would persuade it to abandon its former ruling. If anything, the Court has been given further support for that position. See United States v. Fein, 504 F.2d 1170, 1178 (2d Cir. 1974). The defendant has failed to show that the indictment did not charge an offense or that the Court was without jurisdiction.

The aforesaid Motion For Arrest Of Judgment is denied.

## IV. THE DEFENDANTS' MOTIONS FOR NEW TRIAL PURSUANT TO RULE 33.

All four of the defendants filed Motions For A New Trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. That rule reads in pertinent part: "The court on motion of a defendant may grant a new trial to him if required in the interest of justice." However, none of the defendants have shown that a new trial would be in the interest of justice.

■ A. PRE-TRIAL PUBLICITY. All of the defendants argue that the pre-trial publicity was so pervasive and prejudicial as to have prevented them from receiving a fair trial. This is essentially the same argument raised by the defendants before trial. The Court considered and ruled on this issue in its Order of July 9, 1974, deferring a decision until the completion of the voir dire examination. Later, the Court followed the suggestion of the Court of Appeals and granted a three-week continuance which helped reduce any possible adverse effects of the publicity. An exhaustive voir dire examination was then held and a number of prospective jurors were identified who passed the Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961) test of being capable of rendering a verdict based solely upon the evidence presented in Court. From this group of veniremen the actual jurors and alternates were selected and sequestered for the duration of the trial. This procedure was commended by the Court of Appeals in Mitchell & Haldeman v. Sirica, No. 74–1878 (D.C. Cir. Sept. 20, 1974). See also Jones v. Gasch, 131 U.S.App.D.C. 254, 404 F.2d 1231, 1238–1239 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1414, 20 L.Ed.2d 286 (1968). Having followed this procedure, there is no basis for a new trial.

B. THE VOIR DIRE EXAMINATION. All the defendants cite alleged errors in connection with the voir dire examination as requiring a new trial. However, the procedures followed by the Court in this case were the same as those followed in other cases and approved by the Court of Appeals. See e. g., United States v. Liddy, 509 F.2d 428 (D.C.Cir. 1974); United States v. Bryant, 153 U.S.App.D.C. 72, 471 F.2d 1040, 1044–45 (1972), cert. denied, 409 U.S. 1112, 93 S.Ct. 923, 34 L.Ed.2d 693 (1973). Furthermore, the government has argued that, based on their responses to the questions asked during the voir dire examination, the jury was, if anything, more sympathetic to the defendants than to the government. See Memorandum of the United States In Opposition to Motions of Defendants Mitchell, Haldeman, Ehrlichman and Mardian For A New Trial pp. 6–7.

■■ The defendants also criticized the method of exercising peremptory challenges. The Court has broad discretion in this area and the granting of some additional peremptory challenges to the defendants without giving them the means to "stack" the jury was certainly as fair and equitable an exercise of discretion as the Court could have made at that time. See generally Unit-

ed States v. Mackey, 345 F.2d 499 (7th Cir.), cert. denied, 382 U.S. 824, 86 S.Ct. 54, 15 L.Ed.2d 69 (1965). The *voir dire* examination yields no support for these motions.

■ C. MITCHELL'S MOTION FOR A NEW TRIAL. Besides the above noted points, the arguments raised by Mr. Mitchell in his Alternative Motion For A New Trial/Motion For Judgment Of Acquittal have been thoroughly treated before. The only point deserving further mention is his assertion that the prosecutor stated twice, in the course of his final argument, his opinion that Mr. Mitchell was guilty. At least one of the fleeting references by Mr. Neal, however, was not offered as his own opinion, but rather was cited as coming from Mr. Mitchell's alleged co-conspirators who were attempting to get him to accept all the blame for the Watergate crimes. Moreover, these references alone, even if the defendant's allegations were totally correct, would not require a new trial "in the interest of justice."

Mr. Mitchell's Motion For A New Trial is denied.

D. HALDEMAN'S MOTION FOR A NEW TRIAL. The sole additional argument raised in Mr. Haldeman's Motion For Judgment Of Acquittal Or, In The Alternative, For A New Trial and which needs a response here is the claim that the Court erred in refusing to grant the defendant's motion for a continuance filed on October 9, 1974. The defendant makes the bald assertion that his motion was filed "at a time when Mr. Nixon's health would not have prevented his availability for a deposition . . . ." In light of the affidavit of October 4, 1974, of Dr. John C. Lundgren (filed October 7, 1974), and considering subsequent events this statement appears to be wholly without merit.

Mr. Haldeman's Motion For A New Trial is denied.

E. EHRLICHMAN'S MOTION FOR A NEW TRIAL. It appears that Mr.

Ehrlichman's nineteen grounds for a new trial have been considered fully during the trial and pre-trial proceedings. Mr. Ehrlichman has not shown that the interest of justice would be served by granting him a new trial.

Mr. Ehrlichman's Motion For A New Trial is denied.

F. MARDIAN'S MOTION FOR A NEW TRIAL. Mr. Mardian asserts that a remark made by the prosecutor in his opening statement, that defense counsel had been given statements of government witnesses, was so prejudicial as to require a new trial. However, the two cases cited in support of this proposition, Johnson v. United States, 121 U. S.App.D.C. 19, 347 F.2d 803 (1965) and Gregory v. United States, 125 U.S.App. D.C. 140, 369 F.2d 185 (1966), are clearly distinguishable on the facts. In *Johnson* the government prosecutor made a very suggestive statement in his *closing* argument. Mr. Ben-Veniste's remark was not made during the closing argument, nor was it laden with prejudicial or partisan inference. In *Gregory* a trial Court required the defense counsel "to go through the ritual of asking for, receiving and reading the Jencks Act statements [of each witness] in the presence of the jury." *Id.* at 191. Nothing approaching that condemned procedure occurred in this trial. Moreover, as all parties know, the Court repeatedly instructed the jury that statements of counsel were not to be considered as evidence.

■ Mr. Mardian argues that his Sixth Amendment rights were denied him by the Court's refusal to grant him a severance when his counsel, Mr. David G. Bress, because of illness was unable to continue to actively represent him. The Court, with the highest regard for the legal ability of Mr. Bress, does not agree. A defendant's right to be represented by the attorney of his choice is not so absolute as to permit disruption of the fair and orderly administration of justice when another competent attorney is available to continue the defense. See

generally Lofton v. Procunier, 487 F.2d 434, 435 (9th Cir. 1973); United States v. Harrelson, 477 F.2d 383, 384 (5th Cir.), cert. denied, 414 U.S. 847, 94 S.Ct. 133, 38 L.Ed.2d 95 (1973); McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791, 794–95 (1965). No one has suggested that Mr. Green, a former Assistant United States Attorney and Mr. Bress' able associate in the case, was not thoroughly qualified and prepared to continue the defense of Mr. Mardian, nor has anyone suggested that he did not do so with great skill and ability.

The remainder of the alleged grounds for a new trial for Mr. Mardian were fully considered during the course of the trial and the pre-trial proceedings.

Mr. Mardian's Motion For A New Trial is denied.

## V. THE DEFENDANTS' MOTIONS FOR JUDGMENTS OF ACQUITTAL.

Each of the defendants has filed a Motion For Judgment Of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The common ground for all of these motions is the allegation that the evidence of their guilt is insufficient to sustain the verdicts of guilty which were returned. The Court has carefully considered the points raised in each of these motions and the accompanying memoranda, but cannot agree with the defendants' conclusion. See generally United States v. Glasser, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Harris, 140 U.S.App.D.C. 270, 435 F.2d 74, 88 (1970); Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332, 334 (1967); Curley v. United States, 81 U.S. App.D.C. 389, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

Therefore, the Motions of John N. Mitchell, Harry R. Haldeman, John Ehrlichman and Robert C. Mardian for

Judgments of Acquittal are hereby denied.

The above-named defendants are Ordered to appear in Court, with their attorneys, on Friday, February 21st, 1975, at 9:30 a. m. for sentencing.