**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest Edward DOMINGUEZ,
Defendant-Appellant.**

**No. 79–5346.**

United States Court of Appeals,
Fifth Circuit.

April 23, 1980.

Robert R. Harris, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, GEWIN and POLITZ, Circuit Judges.

GEWIN, Circuit Judge:

Appellant Ernest Edward Dominguez appeals from a conviction in the Western District of Texas for possession of heroin with intent to distribute[1] which resulted in a twelve year sentence and a fifteen year special parole term. His appeal is based on the trial court's excusal of a seated, but unsworn juror without consultation with defense counsel, denial of a motion to suppress based on alleged insufficiencies in the affidavit supporting a search warrant and failure of the court to direct a verdict in favor of the defendant due to the government's alleged inability to prove Dominguez was sane after the defense had presented evidence of his insanity. We find no merit in his contentions and affirm.

On December 6, 1978 an agent of the Drug Enforcement Administration (DEA) sought and obtained from a United States Magistrate a search warrant for the residence of Ernest Edward Dominguez. The application for the search warrant included an affidavit by the DEA agent which alleged that for several weeks the El Paso Police Department and the DEA had been conducting a surveillance operation at a Ranger Street residence pursuant to an anonymous telephone tip describing suspicious activity at the residence. The surveillance operation had disclosed that several known narcotics traffickers frequented the residence and that appellant Dominguez was apparently at the residence most of the time. The affidavit also recited information from two informants, at least one of whom had supplied reliable information previously, that Dominguez had sold heroin at the residence. One of the informants, according to the affidavit, had seen contraband at the residence within two weeks prior to the swearing out of the affidavit.

The warrant obtained on December 6, 1978 was executed the next day. Agents found approximately one pound of heroin in and around the master bedroom of the residence. Dominguez and three other occupants were arrested but charges were subsequently dropped against all but Dominguez.

On April 4, 1979 a jury was selected for Dominguez' trial and April 11 was set as the actual trial date. In the interim, on April 9, the trial judge received a note from one of the jurors requesting excusal from service due to the illness and hospitalization of his 87-year old mother in New Mexico.[2]

---

1. *See* 21 U.S.C. § 841(a)(1).

2. The note read as follows:

Judge Sessions:
I am a juror for the April 11, 1979 trial in *U. S. A. v. Ernest Edward Dominguez.*

My 87-year old mother is very ill in Hobbs, N.M., and may be hospitalized under Doctor **Badgett's** care.

In view of my mother's ill condition I request permission to be excused from my April 11, 1979 scheduled jury service.
Thank you very much.

Thomas L. Wyatt

The trial judge mistakenly thought the request was from a venire member rather than from a seated juror and immediately excused the juror. He learned of his mistake the next day. Shortly before trial was to begin on April 11 he informed counsel of the inadvertent excusal and replaced the excused juror with one of the selected alternates. The defense moved for a mistrial and the court denied the motion.

Trial proceeded and, as a defense, appellant's counsel presented four psychiatrists who testified as to appellant's mental problems. The government offered one psychiatrist who testified in rebuttal that he had found Dominguez not to be suffering from any mental illness that would render him incapable of complying with the law. No motion for acquittal was made and the sanity issue, along with all other trial issues, went to the jury for determination. The jury decided all issues against appellant.

■ Rule 24(c) of the Federal Rules of Criminal Procedure provides that "alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties." It is settled law in this and other circuits that it is within the trial judge's sound discretion to remove a juror whenever the judge becomes convinced that the juror's abilities to perform his duties become impaired. *United States v. Spiegel,* 604 F.2d 961 (5th Cir. 1979); *United States v. Rodriguez,* 573 F.2d 330 (5th Cir. 1978), *vacating,* 564 F.2d 1189 (5th Cir. 1977); *United States v. Smith,* 550 F.2d 277, 285 (5th Cir.), *cert. denied sub. nom. Wallace v. United States,* 434 U.S. 841, 98 S.Ct. 138, 54 L.Ed.2d 105 (1977), *quoting United States v. Cameron,* 464 F.2d 333, 334–35 (3d Cir. 1972); *see, e. g., United States v. Hoffa,* 367 F.2d 698, 712 (7th Cir.

1966), *vacated on other grounds,* 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738 (1967); *United States v. Houlihan,* 332 F.2d 8 (2d Cir.), *cert. denied,* 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 (1964). The question presented in this case then is whether the trial court abused its sound discretion in replacing a seated juror with an alternate upon a request for excusal from the seated, but unsworn, juror.

There is no question that alternates may replace seated jurors when they become unable to serve. That, indeed, is the very purpose of Rule 24(c). Two facts about this case may complicate this issue somewhat, however.

■ First, the practice of pre-selecting a jury in one week for service the following week caused the judge to be confused about the actual status of the juror. If the juror had been merely a jury venire member the excusal would not have raised any question of abuse of the judge's discretion. The fact that the juror was a member of the seated, albeit unsworn,[3] jury, however, implicates Rule 24(c) and involves a determination by the judge that the juror was *unable* to serve. Regardless of his mistaken belief that the excused juror was only a prospective juror, the trial judge apparently determined him to be unable to serve at the time the request for excusal was made. The excusal was not for a frivolous reason and was clearly not an abuse of discretion. *See, e. g., United States v. Hoffa,* 367 F.2d at 712 (juror excused near the close of arguments on information that the 92 year old mother of the juror had undergone hip surgery and was not expected to live).

The second complicating factor on this issue is that the juror was inadvertently excused outside the presence of defense counsel. Appellant claims that his right to be present at crucial points in the trial as

---

**3.** At oral argument counsel for both appellant and appellee conceded that the fact that the jury was unsworn had no real significance to the resolution of this issue. Had the jury been sworn the trial judge may have been more compelled to proceed with the chosen jury with substitution of an alternate since excusal of the entire jury may have raised double jeopardy questions. The fact that this unsworn jury could have been excused and the selection process started anew without facing a double jeopardy bar does not, however, compel the judge to adopt that procedure.

provided by Fed.R.Crim.P. 43(a), was violated by excusal of the juror without prior notification of and consultation with defense counsel.[4] It is clear from the record that it was by inadvertence and not design that defense counsel was not present when the determination of whether the juror should be excused was made. While it is clearly the better practice to have defense counsel present when such an excusal is granted, the trial judge's misunderstanding about the status of this particular juror does not merit reversal of appellant's conviction in this case.[5]

Appellant also urges consideration of two other grounds on this appeal, neither of which necessitate reversal. One of these claims is that the affidavit supporting the search warrant was insufficient under the two-pronged *Aguilar-Spinelli* test and defendant's motion to suppress the fruits of the search should have been granted. *See Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The test requires that the affidavit (1) disclose " 'underlying circumstances' necessary to enable the magistrate independently to judge of the validity of the informant's conclusion" and (2) make some showing of reliability of the informant. *Id.* at 413, 89 S.Ct. at 587. In appellant's case the affidavit recites that the informant had previously supplied reliable information. This statement, coupled with the circumstances observed by an anonymous telephone caller and by the affiant in corroboration of the telephone tip, provide the required indication to the magistrate of the validity of the informant's information. *See Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *United States v. Hall*, 545 F.2d 1008, 1009 (5th Cir. 1977); *Brooks v. United States*, 416 F.2d 1044 (5th Cir. 1969), *cert. denied sub. nom. Nipp v. United States*, 400 U.S. 840, 91 S.Ct. 81, 27 L.Ed.2d 75 (1970). The affidavit was fully sufficient to justify issuance of the search warrant.

The final ground for reversal urged on appeal is based on the failure of

---

4. Fed.R.Crim.P. 43(a) provides as follows:

The defendant shall be present at the arraignment, at the time of the plea, at every step of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

In a case involving an issue similar to this the Second Circuit has recognized that situations may arise where the needs of the jurors must be considered even in the absence of defense counsel.

Situations may sometimes arise when a respect for the rights of jurors will require the judge to take immediate action without consulting counsel—e. g., if a juror is taken so ill that he cannot come to court or has a family emergency requiring him to leave during the night or over a weekend.

*United States v. Houlihan*, 332 F.2d 8, 13 (2d Cir.), *cert. denied*, 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 (1964). Here the juror was mistakenly thought to be merely a venire member but the judge may well have been justified in immediate excusal in this emergency situation even if he had known the juror's actual status.

Even if this excusal outside the presence of the defendant is error, it is well settled that Rule 43 is subject to Fed.R.Crim.P. 52(a) which provides that harmless error shall be disregarded. *See United States v. Bokine*, 523 F.2d 767,

770 (5th Cir. 1975); *United States v. Gradsky*, 434 F.2d 880, 884 (5th Cir. 1970), *cert. denied*, 409 U.S. 894, 93 S.Ct. 203, 34 L.Ed.2d 151 (1972); *Estes v. United States*, 335 F.2d 609, 618 (5th Cir. 1964), *cert. denied*, 379 U.S. 964, 85 S.Ct. 656, 13 L.Ed.2d 559 (1965). Absent a showing of prejudice, reversal is not required in such circumstances.

5. Appellant urges consideration of *United States v. Gay*, 522 F.2d 429 (6th Cir. 1975) on this issue. In *Gay* the Sixth Circuit reversed a conviction for the trial court's excusal between jury selection and the trial date of two seated and sworn jurors without notice to defense counsel and *without explanation. Id.* at 433–34. Unlike *Gay*, in this case the trial court gave a full explanation of the circumstances surrounding the excusal and created a complete record for appellate review of the appropriateness of the court's action and of any prejudice that might have resulted. In stark contrast the complete silence of the trial court in *Gay* as to the reasons for the excused jurors and substituted alternates afforded the appellate court no opportunity to determine that Gay was not harmed by the substitution and indeed left open a substantial possibility that he was prejudiced by the change. This case is clearly distinguishable from *Gay*.

the trial court to direct a verdict for appellant on the issue of appellant's insanity. Because appellant failed to make a timely motion for judgment of acquittal this question is not properly before the court unless a failure to reach it would foster a manifest miscarriage of justice. *See United States v. Jones*, 486 F.2d 1081 (5th Cir. 1973); *United States v. Wendt*, 463 F.2d 202 (5th Cir. 1972). The overwhelming evidence against appellant in this case makes review of this issue, in the absence of a motion for acquittal, clearly inappropriate.[6]

Therefore, for the reasons stated above, the conviction is AFFIRMED.

---

6. In any event conflicting expert testimony was presented making the issue one for the jury to decide. Their determination against appellant may not be lightly disturbed.