Clive J. LAY, Plaintiff,

v.

J. M. McDONALD COMPANY, a Delaware corporation, Defendant.

Civ. A. No. 5776.

United States District Court
D. Colorado.
May 19, 1959.

The plaintiff brought suit claiming that he suffered personal injuries as a result of defendant's negligence. The cause was tried to a jury on February 24 and 25, 1959. On February 25, 1959, a verdict was returned against defendant, awarding the plaintiff the sum of $10,000. A judgment on the verdict was rendered and docketed on February 26, 1959. In apt time defendant filed its motion for a new trial. Six grounds were stated in support of the motion. Only the first ground needs to be discussed here; the Court feels that the others are without merit. The ground to be discussed being that defendant was denied a fair trial because one of the jurors was incompetent and that therefore there was not a properly constituted tribunal.

Defendant maintains a retail merchandise store in Fort Collins, Colorado. Plaintiff, while in that store for the purpose of purchasing a cowboy hat for his son, was hit in the head by a change cup which was moving along the track of an overhead change carriage system. As a result plaintiff claimed he suffered, among other injuries, a permanent injury to his head. He testified that he has had continuing headaches since the injury.

During the voir dire examination of the jury, the Court, at the request of the defendant, asked the following question:

"Have any of you ladies and gentlemen or any members of your immediate family ever been involved in any type of accident resulting in injury to your head or neck, or to the head or neck, which caused permanent disability?"

Bruce Ownbey, Denver, Colo., and Vincent Ross, Cheyenne, Wyo., for plaintiff.

Yegge, Bates, Hall & Shulenburg, Don R. Evans, and Wesley H. Doan, Denver, Colo., for defendant.

ARRAJ, District Judge.

This case is before the Court at this time on defendant's motion for a new trial.

There was no response. Miss Maudie E. Childers was in the jury box at the time and had taken the oath as to her qualification.

Subsequent to the discharge of the jury, counsel for the defendant interrogated several members of the jury, including Miss Childers. At the direction of defendant's counsel, Miss Childers and

another juror, Robert Shuemaker, were subpoenaed to appear as witnesses at the hearing. The Court advised the witnesses that they need not testify as to any matters transpiring in the jury room but that they could answer if they so desired. The Court further stated that the jury deliberations were not at that time under inquiry. Miss Childers was allowed to testify as to her personal history, and both jurors were permitted to testify as to the jury deliberations when they were willing. For reasons hereinafter stated, this Court is of the opinion that it was improper in the instant proceeding to allow the jurors to testify as to matters transpiring in the jury room, even though they consented, and the Court will enter an Order striking such testimony. Also, for reasons hereinafter stated, the Court is of the opinion that it was improper to allow juror Childers to testify as to her personal history before evidence, other than testimony of any juror in the case, had been submitted tending to prove that she had failed to answer correctly on voir dire. Although this testimony will be allowed to stand, the suggested future practice before this Court will be discussed below.

At the hearing on this motion, it appeared that when Miss Childers was 14 years old she had accidentally fallen off a cliff and injured her head; that was about nineteen years prior to this trial. She has a noticeable permanent scar as a result of that injury and has had intermittent headaches since that time. She testified, however, that her doctors could not determine whether her headaches were caused by her injury, her nerves, her eyesight, or the strain of her work. Miss Childers also testified that she had answered the above question honestly; that she had not considered her injury permanent, since she has led a full and happy life; and that she had been, and is now able, to hold a full-time job. Furthermore, she stated that she considered the testimony of the doctors in the instant case; that she had sincerely deliberated the evidence with the other jurors; and that she had explained her experience to another juror who had questioned the credibility of the plaintiff when he had testified that he still had headaches three years after his injury. The other juror, Robert Shuemaker, testified that nearly all the jurors talked about injuries that they had incurred during their lifetimes.

■ A fair trial requires that there be twelve impartial and unbiased jurors. If but one of the jurors is incompetent then there is not a properly constituted tribunal and a new trial must be granted. Consolidated Gas & Equipment Co. of America v. Carver, 10 Cir., 1958, 257 F. 2d 111; United States v. Chapman, 10 Cir., 1946, 158 F.2d 417.

■ A juror is incompetent when he is prejudiced against one of the parties in the action. However,

"It is generally recognized that a false answer on voir dire which has the effect of depriving counsel of the opportunity to make a proper determination of whether to exercise the right to challenge a juror will not in itself require the granting of a new trial. The courts are almost all agreed that to justify a new trial it must appear that the party seeking it has been prejudiced in his case by the false answers." 38 A.L.R.2d 625, 627.

The mere fact that a juror has given false information, whether deliberately or inadvertently, whether with intent to falsify or innocently, on voir dire will not in and of itself necessitate a new trial—only a showing of prejudice, or the giving of a false answer, or failure to respond, concerning circumstances similar in type of injury and closeness in point of time, which would per se be prejudicial, will require a new trial.

Counsel for defendant contend that Consolidated Gas & Equipment Co. of

America v. Carver, supra, is dispositive of this case. With this contention we do not agree.

The Carver case involved an action for personal injuries. The plaintiff asserted a disabling injury to his right leg and injury in the region of his pelvis, and he sought to recover $34,840. The question asked on voir dire was whether any of the jurors had sought to recover or defended against one who sought to recover for personal injuries. One juror, who at the time had pending in a state court an action in which he sought to recover for personal injuries, made no response to the question. After this matter was brought before it on a motion for relief from the judgment under Rule of Civil Procedure 60(b), 28 U.S.C.A., the trial court interrogated a cross-section of the jury including the juror who had failed to answer the above question, and determined that the defendant had not been prejudiced. At the hearing it was found that the juror had innocently failed to answer the question, the juror testifying that he did not feel that he was involved in a lawsuit since his case was not actually in court; that during the deliberations, the juror made no mention of his pending action; that he did not attempt to influence or persuade other jurors; and that the jurors had been fairly unanimous on all points of the case. It was further found that the juror had been injured within the two years before the voir dire examination, that he sought $158,150 damages, and that he asserted disabling injury to his right leg and injury to his right hip. On appeal, the Court of Appeals for the Tenth Circuit reversed, holding that the similarity and proximity of the juror's circumstances with those of the plaintiff showed manifestly that the defendant had been prejudiced.

"In view of the possibility and even probability that the juror would be subject in some degree to the extraneous influence of his own injury and the pendency of his own ac-

tion, he was not a competent juror." 257 F.2d at pages 115–116.

The Court also held that even though the juror's failure to answer may have been unintentional, it was deceptive and misleading for because of the similarity and proximity of the claims and injuries the trial court would have excused the juror for cause and if it did not it was manifest that the defendant would have peremptorily challenged him.

■ In the case at bar, there is similarity in only one respect—both the juror Childers and the plaintiff incurred injuries to the head and both have had reoccurring headaches after the injury. But there is no similarity in the claims, for the juror had not asserted a claim— as a matter of fact her testimony was that she had fallen and there was no evidence that there was any other person connected with her accident against whom she could assert a claim of negligence—and the proximity is nil. The juror's injury was incurred nineteen years before the trial. Thus just the similarity of the type of injury of the juror and the plaintiff gives no indication that the juror would be prejudiced for the plaintiff, and this is especially so since the juror had had no claim against any one.

Also, in the case at bar, it cannot be said that the juror's failure to answer the question was deceptive and misleading. If the facts adduced at the hearing were known on voir dire this Court would not have excused the juror for cause, and it certainly is not manifest that the defendant would have exercised a peremptory challenge on this juror.

The Court believes that the juror's failure to respond to the question was unintentional. The question was whether the injury resulted in a "permanent disability" and the juror testified that she had not considered her injury permanent.

This case is therefore clearly distinguishable from Consolidated Gas &

Equipment Co. of America v. Carver, supra.

For the reasons stated above, the Court is of the opinion that the motion for a new trial should be denied.

The problems involved in hearing and determining this motion sharply pointed up the advisability of charting a fair and practical procedural course to be followed in connection with this particular type of motion. Such action is also indicated because of the necessity of preserving the privacy of the jury room, except in special situations, which need not be mentioned here, and to prevent needless badgering of jurors, after they are discharged. This suggested procedure is based partially on and is supported by Primm v. Continental Casualty Co., 1956, D.C.W.D.La.1956, 143 F.Supp. 123, and Pearson v. Gardner Cartage Co., 1947, 148 Ohio St. 425, 76 N.E.2d 67.

■ When a party has good reason to believe that a juror has given a false answer on voir dire and he moves for relief under Rule 59 or 60(b), he shall prove the fact of a false answer by evidence other than the testimony of the juror or other jurors. After this evidence has been submitted, the juror may then be called by the moving party to corroborate the fact, if necessary, or the juror may be called by the other party to refute the moving party's position, if that be the case. When, and if, the false answer is established, the Court shall make a determination as to the similarity and proximity of the juror's circumstances with those of the party opposing the motion. If there is similarity and if the circumstances are not remote in time, then the moving party will have per se established prejudice against him, and under the authority of Consolidated Gas & Equipment Co. of America v. Carver, supra, he should be entitled to a new trial as a matter of law.

If, however, the evidence, as in this case, shows a dissimilarity in circumstances and a remoteness in time, then the moving party will not have met his burden in establishing prejudice. And, as a matter of law, a new trial should not be granted. The jurors will not be allowed to testify nor will their affidavits be accepted in evidence, and certainly affidavits of attorneys or any one else as to what jurors might have said will not be accepted. There should be an exception to this however; if the moving party can show good cause why the pertinent information is unavailable from any source other than from the juror, then the Court will allow the juror to be called to testify in order for the Court to determine whether he gave a false answer on voir dire.

■ In neither of the above situations will the juror or jurors be allowed to testify to matters concerning the jury deliberations, nor will their affidavits concerning these matters be accepted. In the case at bar, Miss Childers testified that she did relate her personal experience, and this evidence was received. Although this evidence has been stricken, it should be noted that it is not improper for a juror to use his common knowledge and experience in weighing evidence. Pacific Employers Ins. Co. v. Orren, 5 Cir., 1947, 160 F.2d 1011. See Young v. United States, 10 Cir., 1947, 163 F.2d 187, certiorari denied 332 U.S. 770, 68 S.Ct. 83, 92 L.Ed. 355. Determining that this evidence should not be received is merely a variation of the non-impeachment rule that is in force in the federal courts, McDonald v. Pless, 1915, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; Loney v. United States, 10 Cir., 1945, 151 F.2d 1, a rule to which there are exceptions when it is shown that extraneous matters are brought to the attention of the jury, or outside influences are exerted upon the jury, Mattox v. United States, 1892, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Southern Pacific Co. v. Klinge, 10 Cir., 1933, 65 F.2d 85.

One other situation is to be noted. In the event that the evidence shows that the circumstances of the juror and the moving party are dissimilar or remote

in time, or both, but also shows that the juror deliberately falsified the answer on voir dire, then the moving party will have established the initial foundation for a case of prejudice against him, and testimony of the juror will then be competent both as to his history and his actions in the jury room; and if necessary the Court may authorize or direct that the entire jury, or a portion thereof be called in to determine whether the juror in question improperly influenced the other jurors and whether the moving party was in fact prejudiced. See Clark v. United States, 1933, 289 U.S. 1, 53 S. Ct. 465, 77 L.Ed. 993.

The above suggested procedure is not intended to be inflexible but rather that it may be used as a guide and it is hoped that it may be helpful to an orderly and just solution of the problems presented.

In conformance with the above opinion an Order will be entered denying defendant's motion for a new trial.