Ernest **CISNEROS**, Plaintiff-Appellant,

v.

**CITIES SERVICE OIL COMPANY**,
Defendant-Appellee.

No. 183, Docket 28035.

United States Court of Appeals
Second Circuit.

Argued Jan. 30, 1964.

Decided July 6, 1964.

Miller & Seeger, New York City (Israel G. Seeger, Albert V. Testa, New York City, of counsel), for plaintiff-appellant.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City (Eli Ellis, Robert S. Blanc, Jr., Thomas H. Healey, New York City, of counsel), for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

## PER CURIAM.

Plaintiff-appellant, a merchant seaman, seeks reversal of a judgment entered upon a jury verdict in favor of defendant-appellee. He sets forth four grounds of claimed reversible error that he contends require that the case be remanded to the district court for a new trial. Two of these relate to alleged prejudicial error in the way the court charged the jury, and two to events that occurred while testimony was being taken during the eight day trial. We find no merit in any of the four claims of error and affirm the judgment below.

▇ Plaintiff alleged in his complaint that he suffered personal injuries while employed by defendant aboard the S. S. Fort Hoskins and that these injuries were caused by the negligence of defendant and the unseaworthiness of the vessel. On the evidence it was possible for the jury to have found that the seaman slipped from a ship's ladder and was injured when he fell backward onto a platform that led to the ladder. Plaintiff claims that the judge's charge, in general, was so one-sided and partisan as to be highly prejudicial, and claims, specifically, that the judge did not on the issue of unseaworthiness properly spell out for the jury their duty to appraise the condition of the raised diamond treads or cleats on the steps of the ladder. Contrary to appellant's claims, a study of the charge demonstrates that the trial judge was very careful to advise the jurors that their primary function was to judge the facts and that they and they alone were to resolve conflicts in the testimony; and also contrary to appellant's claims, we find that the court clearly charged that the defendant had a duty to provide ladders which were not unreasonably slippery and that in reaching a determination of whether defendant had discharged that duty the jury should decide, among other things, whether "paint had filled in the spaces between the elevations on the safety tread, thus reducing traction and making the steps smooth * * *"

▇▇ The first claim of error relating to occurrences during the taking of testimony concerns the exclusion from evidence of a hypothetical question and answer contained in a deposition of plaintiff's medical expert which plaintiff had taken six months before trial; and the second concerns the refusal of the trial judge to remove a juror who informed the court after the expert had testified that he had taken a course some years earlier from the defendant's medical expert and had purchased one of the doctor's books. The hypothetical question was a lengthy one, covering seven pages of the typewritten trial transcript, some of the facts contained in it had not been proven at trial, and the evidence the answer might have added to the case on the issue of causation would have been cumulative to testimony otherwise admitted. The juror was thoroughly questioned by the judge in chambers in the presence of plaintiff's counsel who availed himself of the opportunity of also questioning the juror, and it then appeared that no prejudice to either party would result if the juror continued to sit.

▇ Both of these trial rulings, under the circumstances, were justifiable

**234**

discretionary rulings; and, in any event, they were in no way prejudicial to plaintiff, for the rulings could have independently affected only a jury discussion of a proper award of damages—a discussion which, because of the verdict returned for the defendant on the liability issue, it never became necessary for the jurors to reach.

Affirmed.