**UNITED STATES of America**

v.

**Robert Warren CAMERON, Appellant.**

**No. 72–1018.**

United States Court of Appeals, Third Circuit.

Submitted June 22, 1972.

Decided July 12, 1972.

Robert Scandone, Defender Association of Philadelphia, Philadelphia, Pa. (court appointed), for appellant.

Carl J. Melone, U.S. Atty., Philadelphia, Pa., John F. Penrose, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before ALDISERT, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant Robert Warren Cameron was charged with three counts of embezzlement (Counts 1, 2, and 3) in violation of 18 U.S.C. § 656 and one count of false entry (Count 4) in violation of 18 U.S.C. § 1005. The jury returned a verdict of guilty on Count 2 of the indictment. Appellant contends that a new trial is required because the trial judge's removal of a juror during the trial, and his replacement by an alternate juror, constituted reversible error.

The events leading to the juror's removal began during a recess in the trial, when defense counsel saw Juror No. 6 greet a key defense witness. Counsel reported the incident to the trial judge immediately when court re-convened. With the consent of both counsel, the trial judge summoned the juror to his chambers where, with counsel and the court reporter present, the juror was questioned about the incident.

The juror stated that he had known the witness prior to the trial, that he had not seen him for 10 to 12 years, and that his decision in the case would not be affected by his acquaintance with the defense witness he had recognized. There is no reason to suspect that these assertions were not true.

After the juror left the trial judge's chambers, the trial judge and both counsel debated whether to remove the juror. The Court favored removing the juror because the incident showed that the juror lacked "understanding of what his duties are" and because the Court had noticed during the trial that the juror's eyes had been shut, "giving the appearance that he is sleeping a great deal of the time during this trial." (A–10 to –12). The Assistant U.S. Attorney apparently had also noticed the eye-shutting (A–11) and also favored removal. After defense counsel objected to the proposed removal, however, the Court declined to remove the juror. (A–14). The trial continued.

During the next day of the trial, the Court admonished the juror in open court:

"Juror No. 6, if you can't keep awake I will excuse you. Now please stay awake and pay attention to the testimony." (A–15).

Defense counsel objected to the admonishment, and the Court thereupon excused the juror and replaced him with the first alternate juror. Defense counsel objected to the removal. In the absence of the jury the Court made the following statement:

"[L]et the record show, please, that as it will have shown from yesterday that the question of this juror's ability to serve was discussed, and as I say, is a part of the record; that the Court has observed him since this trial began at least 50 percent of the time he has been asleep. He shows no inclination, from our conversation again or my observations of him during the trial, he shows no inclination or does not appear to me to have the slightest idea of what is going on in this trial. This is too important a case for the Government and for the defendant to have a person on the jury who is I might say almost non compos mentis. I have watched him hour by hour and practically all the time that I have observed him he has been asleep." (A–20 to –21).

The trial court has the authority, under Rule 24(c), Fed.R.Crim.P., to remove a juror and substitute an alternate juror if the trial judge finds that the

juror is "unable or disqualified to perform [his] duties."[1] Both parties to this appeal have pointed out the paucity of reported cases which have considered what grounds may properly support the trial judge's removing a juror and replacing him.

In United States v. Goldberg, 330 F.2d 30 (3d Cir.), cert. denied, 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964), this court upheld the removal of a juror who had been placed on the jury erroneously after she had responded to the calling of a name other than her own. In United States v. Hoffa, 367 F.2d 698, 712 (7th Cir. 1966), vacated and remanded on other grounds, 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738 (1967), a juror was excused because his mother had undergone surgery and was not expected to live. In United States v. Garafolo, 385 F.2d 200 (7th Cir. 1967), vacated and remanded on other grounds, 390 U.S. 144, 88 S.Ct. 841, 19 L.Ed.2d 970 (1968), and in United States v. Ellenbogen, 365 F.2d 982 (2d Cir.1966), cert. denied, 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed.2d 795 (1967), jurors who had become ill were excused. In United States v. Houlihan, 332 F.2d 8 (2d Cir.), cert. denied, 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 (1964), the juror, a nurse, was excused when her patient suffered a heart attack. In United States v. Zambito, 315 F.2d 266 (4th Cir.), cert. denied, 373 U.S. 924, 83 S.Ct. 1524, 10 L.Ed.2d 423 (1963), the juror was removed after admitting that he had not told the truth on voir dire examination. In Banks v. United States, 204 F.2d 666, 671 (8th Cir.1953), vacated and remanded on other grounds, 348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710 (1955), an income-tax evasion case, the juror was removed after it became clear that on voir dire examination he had misstated the extent of his own tax problems. In Gillars v. United States, 87 U.S.App.D.C. 16, 182 F.2d 962, 980–981 (1950), the juror disclosed that she would be unable to render a fair and impartial verdict because of her opposition to the death penalty, and was removed.[2]

■■ Although the factual situations differ, the common thread of the cases is that the trial judge, in his sound discretion, may remove a juror and replace him with an alternate juror whenever facts are presented which convince the trial judge that the juror's ability to perform his duty as a juror is impaired. We have no doubt that a juror who cannot remain awake during much of the trial is unable to perform his duty, and that the Court did not abuse its discretion in removing the juror in the circumstances presented here.

■ Appellant has argued alternatively that the Court removed the juror in a prejudicial manner calculated to intimidate the other members of the jury. The record provides no support for this assertion. (A–15). We note in addition that after the Court directed a verdict for the appellant on Court 4, the jury acquitted him on Count 1 and was unable to agree on Count 3. A verdict of guilty was returned only on Count 2. These facts lend further support to our conclusion that the jury was not intimidated by the Court's removal of one of its members.

The judgment of conviction will be affirmed.

---

1. In civil actions the trial judge's authority to remove jurors and substitute alternate jurors is found in Fed.R.Civ.P. 47(b), which contains language identical to that in the Criminal Rule.

2. In Cisneros v. Cities Service Oil Co., 334 F.2d 232 (2d Cir. 1964), a civil case, the court upheld the trial judge's refusal to remove a juror who had taken a course from the defendant's medical expert and had purchased one of the expert's books. See also the court's upholding of the trial judge's refusal to remove a juror in United States v. Dennis, 183 F.2d 201, 228–229 (2d Cir.), cert. granted, limited to other issues, 340 U.S. 863, 71 S.Ct. 91, 95 L.Ed. 630 (1950), aff'd, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951).