159 N.J. Super. 130 (1978)
387 A.2d 381
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILLIP REEVEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 21, 1978.
Decided May 9, 1978.
*131 Before Judges LYNCH, KOLE and PETRELLA.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Stanford M. Singer, Assistant Deputy Public Defender, of counsel and on the brief).
*132 Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. William F. Hyland, former Attorney General of New Jersey, and Mr. Thomas N. Auriemma, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant appeals his convictions and sentences for murder, of being armed, and possession of a revolver. The conviction of possession of the revolver was merged by the trial judge with that for being armed. Defendant was sentenced to life imprisonment on the murder charge and to a ten-year concurrent sentence for the armed aspect.
On his appeal the defendant contends:

Point I The trial court erred in failing to grant a continuance
 for the purpose of allowing the defense time to secure
 the appearance of its two alibi witnesses.
Point II The delay between the date that defendant turned
 himself in to the police and the return of an
 indictment impaired his ability to present witnesses in
 his own defense and thereby violated the defendant's
 right to a speedy trial.
Point III The court erred in failing to grant defense counsel's
 request for a mistrial based on the hearsay testimony
 given by Officer Upshaw.
Point IV The guilty verdict was against the weight of the
 evidence and therefore the court erred in failing to
 grant the defense's motion for a new trial or judgment
 of acquittal.
Point V The trial court erred in failing to designate the
 sleeping juror as an alternate.

On this appeal the State properly concedes that the trial judge improperly imposed a ten-year sentence on so much of the conviction that related to being armed, in that the concurrent ten-year sentence is illegal. N.J.S.A. 2A: 164-17 requires that sentences to the New Jersey State prison shall be for a maximum and minimum term, except sentences for life. Thus, a resentence is required in connection with the conviction for being armed (count II). State v. Gledhill, 67 N.J. 565, 583-584 (1975).
*133 We have considered the remaining contentions of defendant and are of the opinion that, except for Point V regarding the alleged sleeping juror, they are all clearly without merit. R. 2:11-3(e)(2).

* * *
The allegation raised on defendant's Point V that juror no. 1 may have been sleeping at certain times presents a troublesome question. At the conclusion of the judge's charge to the jury, and before the alternates were excused and the jury sent to deliberate, defense counsel brought the following to the attention of the trial judge at side bar out of the presence of the jury:
And one further matter, during my summation, during Mr. Seaton's [the prosecutor] and during your charge, juror number one was dozing, nodding and sleeping. I would suggest that she be one of the alternates.
The trial judge responded that he could not dismiss that juror because he believed he did not have the authority to do so. Thereupon two alternates were dismissed by lot, reducing the panel of 14 jurors to 12; but leaving No. 1 as forelady. Unfortunately, the trial judge did not indicate whether he agreed or disagreed with this observation or whether he observed anything with respect to this juror. No response was made by the prosecutor.
The trial judge erred in failing to take appropriate action at that time. He certainly had the discretion to remove a juror under these circumstances and to substitute an alternate. R. 1:8-2(d). See State v. Marchitto, 132 N.J. Super. 511, 516-517 (App. Div.), certif. den. 68 N.J. 163 (1975); U.S. v. Cohen, 530 F.2d 43 (5 Cir.), cert. den. 429 U.S. 855, 97 S.Ct. 149, 50 L.Ed.2d 130 (1976); U.S. v. Smith, 550 F. 2d 277, 285 (5 Cir.1977), cert. den., 434 U.S. 841, 98 S.Ct. 138, 54 L.Ed.2d 105 (1977); U.S. v. Cameron, 464 F.2d 333, 335 (3 Cir.1972); U.S. v. Jones, 534 F.2d *134 1344 (9 Cir.), cert. den. 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 108 (1976) (involved drunken juror). See Annotation, "Alternate or Additional Jurors," 84 A.L.R.2d 1289, 1301-1304 (1962); 47 Am. Jur.2d Jury, § 135 at 735. See also, N.J.S.A. 2A:74-2. Indeed, in this case there still were alternate jurors.
Although our cases express a great concern with the integrity of jury verdicts and indicate a reluctance to question jurors, State v. Athorn, 46 N.J. 247 (1966), cert. den. 384 U.S. 962, 86 S.Ct. 1589, 16 L.Ed.2d 674 (1966); State v. Thompson, 142 N.J. Super. 274, 279 (App. Div. 1976); State v. Marchitto, supra, at the very least under the circumstances of this case the trial judge should have conducted a hearing and questioned this juror as to whether she was in fact dozing or sleeping, or whether she was listening to the summations and the charges but merely had her eyes closed. Cf. Palestroni v. Jacobs, 10 N.J. Super. 266, 275 (App. Div. 1950). We note that an annotation entitled, "Inattention of Juror from sleepiness or other cause as ground for reversal or new trial," 88 A.L.R.2d 1275 (1963), discusses the requirement in the cases from other jurisdictions of a finding of prejudice.
As to the juror, the proper procedure requires questioning by the trial judge to determine if the juror had in fact been sleeping, or if her ability to render a fair decision had been impaired. See U.S. v. Cohen, supra. Certainly, the jury in a criminal case generally would consist of 12 jurors. R. 1:8-2(a) and (d). However, where there are alternate jurors empanelled, it is clear that the trial judge, for good cause shown, may excuse a juror where the circumstances warrant. A defendant is not entitled to any particular juror, but only to an impartial jury of 12 individuals. State v. Belton, 60 N.J. 103, 108 (1972), and State v. La Pierre, 39 N.J. 156, 173, cert. den. 374 U.S. 852, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963). Indeed, under R. 1:8-2(d) (as *135 amended effective September 10, 1973)[1] the first 12 jurors chosen are not necessarily the 12 jurors who will sit in the case. There would have been nothing improper under the circumstances for either the prosecutor or defense counsel, or both, requesting the judge by consent to remove that juror and substitute an alternate if they had reason to believe she was sleeping or dozing during parts of the trial.
The case is remanded to the trial judge (1) for resentencing on the conviction for murder while being armed, and (2) to conduct a hearing concerning the allegation that juror No. 1 was sleeping during all or part of the summations and charge. The trial judge shall conduct such hearing by June 1, 1978 and shall submit his findings and conclusions, together with a copy of the transcript of that hearing, to this court. We retain jurisdiction.
NOTES
[1] Compare N.J.S.A. 2A:74-2 (approved January 8, 1976, effective 30 days thereafter).