**Gary W. HATHORN and Linda Hathorn, Appellants,**

v.

**James LeRoy TRINE and Michigan and Nebraska Transit Company, Inc., Appellees.**

No. 78–1468.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 8, 1979.

Decided Feb. 14, 1979.

Charles E. Davis of Davis, Douglas & Penix, Springdale, Ark., for appellants.

Walter B. Cox of Putman, Davis, Bassett, Cox & Wright, Fayetteville, Ark., for appellees.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Gary and Linda Hathorn appeal from an adverse judgment entered upon a jury verdict in favor of appellees James LeRoy Trine and Michigan and Nebraska Transit Company, Inc. We reverse and remand for a new trial.

This case arises out of an automobile accident which occurred in Springdale, Arkansas on September 15, 1975. Linda Hathorn claimed damages for personal injuries and her husband, Gary, claimed damages for the loss of his automobile and loss of consortium. The sole issue in this case arises from the conduct of a juror, Clarence Paulk, during the course of the trial.

On the second day of trial, Mr. Henry Woods, counsel for the Hathorns, completed his cross-examination of defendant Trine. The court was in the process of allowing the jurors to examine certain exhibits when the following colloquy occurred:

Juror [Paulk]: Could I have a word with you?

The Court: What is your problem"

Juror: I am afraid I have built up a prejudice against an attorney.

The Court: Do not tell me that. Have you been able to hear?

Juror: Yes, I have been able to hear.

The Court: Do not talk to me any more about that then. You are a juror. I was going to say to you if you had had trouble with your hearing aid and not been [able] to hear the evidence and you would tell me that then I would ask Alternate No. 1 to be seated but if you have heard it all, you are a good juror, you are qualified, you went through all the questioning, you have been accepted by both sides, so you are a good juror. Now, pass all of the exhibits out and, Mr. Woods, if you will come forward here, we have copies of the Instructions. I will hand these to you attorneys and you can look at them and then I will ask you if you can stipulate that you have read them.

Immediately thereafter counsel and the court engaged in the following discussion at the bench:

Mr. Woods: The juror has stated that he has a prejudice—

The Court: Regardless of which one it was if there is any prejudice it has been

built up during the course of the trial which is no more than normal one way or the other. It might be favorable to one or it might be favorable to the other. Mr. Bassett [defense counsel]: I could say the same thing.

The Court: I think in order for you to—well, if you don't want to make simultaneous motions for a mistrial—if you do make simultaneous motions for a mistrial I might grant it but if you want to protect your record—

Mr. Woods: I would not suggest that; I would just suggest since we have alternate jurors to stop any possibility, I don't know what the law is on anything like that, but just to be on the safe side and I don't see how anybody could be prejudiced, just discharge him—

The Court: You all talk about it if you want me to excuse him I could seat an alternate on a different basis from this but I would let you state your grounds, but I have questioned him and moved him to the front. He does have trouble with his hearing, he was not sure he had heard it all at first but if you could stipulate I could seat Alternate No. 1 based on his hearing. But I am not ruling he is disqualified in any manner.

Mr. Bassett: I might think about it during the lunch hour.

The Court: Yes, you all think about it and see if you might want to stipulate.

Nothing further was said about the matter until the defense had completed its case and the court had instructed the jury. Just before the jury retired to deliberate, Mr. Woods again moved to have Mr. Paulk replaced with an alternate. Defense counsel opposed the motion and the following discussion occurred:

The Court: In the absence of an agreement I will overrule the motion. I will just have to say this and I want this to be in the record; should this go up I had this problem with Mr. Paulk the last time we were here, and I had made a notation to excuse him from the panel and I neglected to give it to the Clerk and as soon as he was seated in this case or a little after I realized what I had done but I have handed a notation to the Clerk to excuse him from the panel but anyway I will not find—well, he states he did hear the testimony so I am going to overrule Mr. Woods' motion. Now, do you want to make a motion for a mistrial too; might be the proper thing to do to make your complete record?

Mr. Woods: Yes, we move for a mistrial on the grounds that not only was he not qualified but that he did make a comment about the case in the presence of the other jurors which is his statement and did constitute a comment contrary to the instructions of the Court about the case and before he had heard all the testimony in the case and before he had retired to the jury room.

The Court: That motion will also be overruled.

The jury returned a verdict in favor of the defendants and the Hathorns took this timely appeal. The sole issue presented is whether the district court abused its discretion in failing to replace juror Paulk with an alternate juror.

■ Decisions whether to seat or excuse jurors are within the discretion of the trial court and such decisions will be reversed only for an abuse of that discretion. *See, e. g., Anderson v. Dun & Bradstreet, Inc.,* 543 F.2d 732, 734 (10th Cir. 1976); *Hercules Powder Co. v. Costa,* 289 F.2d 571, 574 (1st Cir. 1961). This standard has been applied to uphold the trial court's action in a wide variety of fact situations. *See, e. g., Anderson v. Dun & Bradstreet, Inc., supra* (juror excused after informing judge she had talked about trial in a bar with an unknown man who was later discovered to be an employee of a party); *Koppinger v. Cullen-Schiltz & Associates,* 513 F.2d 901 (8th Cir. 1975) (mistrial motion denied after United States Marshal informed court that he had told a juror that person sitting in courtroom was connected with an insurance company); *Metropolitan Paving Co. v. Int'l Union of Operating Engineers,* 439 F.2d 300 (10th Cir.), *cert. denied,* 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971) (in suit against union, juror excused after he was overheard to say that he did not want to be on jury and feared for his job because he was a union

member); *Cisneros v. Cities Service Oil Co.,* 334 F.2d 232 (2d Cir. 1964) (juror not excluded after he informed court of prior contacts with defendant's expert witness); *Hercules Powder Co. v. Costa, supra* (court did not excuse juror who had conversed with one of defendant's employees in court corridor). *Cf. Johnson v. Hill,* 274 F.2d 110 (8th Cir. 1960) (new trial motion based on juror's failure truthfully to answer voir dire question denied); *Morrison v. Ted Wilkerson, Inc.,* 343 F.Supp. 1319 (W.D.Mo.1971) (same); *Lay v. J. M. McDonald Co.,* 24 F.R.D. 36 (D.Colo.), *appeal dismissed,* 274 F.2d 827 (10th Cir. 1959) (same).

 Although the court's discretion in this field is broad, the exercise of that discretion must be informed. In each of the above-cited cases where the court did not excuse the juror whose impartiality was questioned, the court had conducted an interrogation of the juror and/or other persons with knowledge of the incident and satisfied itself that no prejudice would accrue to the parties if the juror remained a member of the panel. *Koppinger v. Cullen-Schiltz & Associates, supra,* 513 F.2d at 910; *Cisneros v. Cities Service Oil Co., supra,* 334 F.2d at 233; *Hercules Powder Co. v. Costa, supra,* 289 F.2d at 574. *Cf. Johnson v. Hill, supra,* 274 F.2d at 116–17. No such procedure was followed here. The result is that both the parties and this court are left in the dark as to what Mr. Paulk meant when he made his statement to the court. Because his statement could mean that an attorney's conduct had rendered it impossible for him fairly to decide the case based on the facts and law, we cannot say that no prejudice resulted from his continuing to serve on the panel.[1]

Accordingly, the judgment is reversed and the case is remanded for a new trial.

HENLEY, Circuit Judge, dissenting.

The parties have cited and research discloses no reported civil case where a district court's decision to exclude or not to exclude a juror in circumstances comparable to those at bar has been held to be an abuse of discretion. Procedural control of a civil trial necessarily requiring, as it does, evaluation of human factors is clearly committed to the discretion of the trial court. It involves considerations with which an appellate court is ill-equipped to deal.

On hindsight it may be conceded that it would have been wiser for the district court to have seated an alternate or to have conducted some further examination of Mr. Paulk in order to ascertain the extent of the juror's problem. Yet no one asked the trial court to conduct such an examination. Thus the record contains no clear showing of prejudice and this court is reversing on the mere possibility that prejudice may have resulted.

I cannot join in the opinion of the court or in the reversal of judgment.

---

1. Appellees contend that the evidence on liability was overwhelmingly in their favor. The portions of the transcript dealing with liability

are not in the record on appeal and we are thus unable to make such a determination.