

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2006

# Evans v. Fed Rsrv Bank Phila

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Evans v. Fed Rsrv Bank Phila" (2006). *2006 Decisions.* Paper 1381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2472
_____

PATRICIA EVANS,
                              Appellant

vs.

FEDERAL RESERVE BANK OF PHILADELPHIA;
SUSAN TOBIN-SANTOMO; DAVID STANTON; DOLORES POSI

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-04975)
District Judge:  Honorable John R. Padova

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 21, 2006
Before:  FISHER, ALDISERT AND WEIS, <u>CIRCUIT</u> <u>JUDGES</u>
Filed March 27, 2006
_____

OPINION
_____

PER CURIAM.

        In 2003, Appellant Patricia Evans, a former human resources employee of

the Federal Reserve Bank (FRB), sued the FRB and several of its employees alleging that

they engaged in retaliatory conduct prohibited by Title VII of the Civil Rights Act of

1964 as amended, 42 U.S.C. § 2000e-3(a).  For the reasons that follow, we will dismiss

the appeal.

## I.

Evans claims that the FRB retaliated against her for lodging complaints with supervising personnel that three African men she selected for possible employment were denied positions because of this status. On February 4, 2005, a federal jury returned a judgment against Evans. She filed a motion in the District Court for a new trial arguing that the evidence was insufficient, the District Court improperly admitted multiple hearsay statements, and the District Court improperly charged the jury on the retaliation and causation elements of her claim. The Court denied the motion. Evans appealed pro se, but failed to file a transcript or statement of issues on appeal. Meanwhile, she filed a motion in the District Court for reconsideration of the order denying her motion for a new trial raising several additional claims of error including juror incompetency and improper use of a peremptory challenge. The District Court denied relief.[1]

## II.

Evans' notice of appeal challenges the verdict, but she has not expressly appealed from the denial of her motion for a new trial or from her motion to reconsider. See Fed. R. App. P. 4(B)(ii). However, based on her filings on appeal, we infer that she also intends to appeal from the District Court's denial of her motion for a new trial. See Benn v. First Jud. Dist. of Pa., 426 F.3d 233, 237 (3d Cir. 2005) (explaining that documents outside the notice of appeal may inform the jurisdictional question).

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

2

The Appellees primarily argue that the appeal should be dismissed for failure to request and file a trial transcript pursuant to Federal Rules of Appellate Procedure 10(b) and 3(a)(2). Rule 10(b) requires an appellant to order a transcript of the parts of the District Court proceedings that the appellant considers necessary. Fed. R. App. P. 10(b)(1). When the Rule is not followed, we have recognized that Rule 3(a)(2) permits "the court of appeals to act as it considers appropriate, including dismissing the appeal." Fed. R. App. P. 3(a)(2); see Horner Equip. Intern., Inc. v. Seascape Pool Ctr., Inc., 884 F.2d 89, 92-93 (3d Cir. 1989). We will first examine whether any of the claims can be assessed without a transcript.

We review the District Court's denial of a motion for a new trial for abuse of discretion. See Brennan v. Norton, 350 F.3d 399, 430 (3d Cir. 2003). With respect to Evans' sufficiency argument we cannot assess whether the jury's verdict was supported by the evidence without the trial transcript. See LePage's Inc. v. 3M, 324 F.3d 141, 146 (3d Cir. 2003) (setting forth the standard of review). With respect to Evans' hearsay arguments, whether third-party statements are hearsay is a question of law, subject to plenary review. See United States v. Sallins, 993 F.2d 344, 346 (3d Cir. 1993). However, since Evans presents neither the precise challenged statements nor the surrounding testimony, we cannot ascertain for what purpose the statements were made.

Similar hurdles are present in assessing Evans' two jury charge arguments. When examining the propriety of a jury charge, a court must look to the "charge as a

3

whole in light of the evidence to determine if it fairly and adequately submitted the issues to the jury . . . ." Pryer v. C.O. 3 Slavic, 251 F.3d 448, 454 (3d Cir. 2001). In neither instance does Evans argue that the District Court gave the jury an erroneous charge. Instead, she states that the jury was prejudiced by the District Court's repetition of the causation charge and by the Court's use of certain language in the retaliation charge. The lack of a transcript prevents intelligent review of the instructions as they were actually given.

With respect to her jury selection and competency claims, Evans argues four separate issues: (1) the District Court failed to strike for cause a juror who used to work for the FRB; (2) three female jurors were not fair and impartial because they were talking and laughing throughout voir dire; (3) the jurors could not understand the District Court's instructions because one juror was asleep and another juror coughed; and (4) the exclusion of an Asian male from the jury panel. Even assuming arguendo that the claims are not waived, see 28 U.S.C. § 1867 (requiring timely objection to juror qualifications to preserve issues under the Jury Section and Service Act, 28 U.S.C. §§ 1861-1878); United States v. De Peri, 778 F.3d 963, 972 (3d Cir. 1985) (juror competency); Gov't of Virgin Islands v. Forte, 806 F.2d 73, 74-76 (3d Cir. 1986) (Batson claim), to succeed on a juror competency claim raised after the jury reached its verdict, Evans must make a "strong showing that a juror was incompetent." Virgin Islands v. Nicholas, 759 F.2d 1073, 1078 (3d Cir. 1985). After a summary review, these claims also cannot be adequately

4

examined without a transcript.

Evans first claims that one of the jurors was not impartial because he previously worked for the FRB. Without establishing a greater evidentiary basis for her position, merely identifying a relationship between a juror and the defendant is not sufficient to establish partiality. See United States v. Calabrese, 942 F.2d 218, 224-25 (3d Cir. 1991). However, without a transcript, we are unable to examine the questions posed to the juror or the nature of the relationship. We express similar concerns with respect to claims (2) and (3). Evans alleges that several jurors were talking and laughing during voir dire and appeared to be familiar with each other. She says nothing more and we are unable to examine the transcript to determine whether any mention was made of this exchange at all. This is equally true with respect to the charge that one juror slept through nearly half of the Court's instructions. Even if a transcript were produced, Evans does not support her assertion with any evidence, and without more, she cannot establish prejudice. See, e.g., United States v. Cameron, 464 F.2d 333, 335 (3d Cir. 1972). Finally, it is impossible to review Evans' race-based peremptory argument adequately because to determine whether "a prima facie case has been established requires consideration of all relevant circumstances . . . ." Edmond v. Leesville Concrete Co., 500 U.S. 614, 631 (1991).

While dismissing an appeal for failure to satisfy Rule 10(b) is highly disfavored, see Horner Equip., 884 F.2d at 93, in deciding whether dismissal of the appeal

is appropriate, <u>Horner Equipment</u> instructs that we look to the factors outlined in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). <u>See</u> <u>Horner Equip.</u>, 884 F.2d at 93. We are to consider "whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party suffered because of the default." <u>Id.</u>

Evans received numerous notices of her obligations and was given a number of opportunities to satisfy Rule 10(b). For example, after the Appellees moved for summary dismissal on these ground, we extended the briefing schedule and permitted Evans to file any appendices, yet she again failed to comply. She has even been informed of the ability to request transcripts <u>in forma pauperis</u>. At this point, it is hard to imagine that Evans' failure to satisfy the rule is completely inadvertent. Further, the degree of prejudice that the Defendants have suffered by responding to her allegations weighs in favor of dismissing the appeal.

For the foregoing reasons, we will dismiss the appeal for failure to file a transcript on appeal.