UNITED STATES of America, Plaintiff,

v.

Sonia BERRIOS–RODRIGUEZ a/k/a La Nena Antonio Lopez–Manzarret a/k/a Tono Jose Leonidas Esmeral–Cupido a/k/a Chiqui a/k/a El Vicario Carlos Pazos–Santana a/k/a Carlos Dominicci–Pasarell, a/k/a Carlos Tomas Rodriguez–Rodriguez Lazaro Diaz–Fernandez a/k/a Larry a/k/a 17 William F. Lane a/k/a Billy Abdil Curet–Casellas Luis Hiram Ortiz–Cameron Roberto Sanchez–Morales a/k/a Robert Pascual Lebron–Garcia Gregorio Gomez–Garcia a/k/a Cun John De Jesus–Clemente a/k/a John John Ernesto Cirilo–Otero a/k/a Junito a/k/a Junior Pedro Medina–Vazquez a/k/a Puruco Noel Cintron–Rodriguez Luis E. Ortiz–Arrigoitia a/k/a Colibri Angel Luis Torres–Gonzalez a/k/a Pinga Mario Gonzalez a/k/a El Nene Braulio Soto–Aristy a/k/a Manny John Doe a/k/a Armando a/k/a Vietnam, Defendants.

Crim. No. 88–253 (JP).

United States District Court, D. Puerto Rico.

July 17, 1991.

See also 768 F.Supp. 939.

942

Guillermo Gil, Everett de Jesús, Asst. U.S. Attys., San Juan, P.R., for plaintiff.

José A. Lugo, Peter Berkowitz, Lugo & Berkowitz, Río Piedras, P.R., for defendants.

## ORDER

PIERAS, District Judge.

■ The Court has before it an allegation of juror misconduct. Federal Rule of Criminal Procedure 24(c) provides that: "alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties." It is well settled law that "it is within the trial judge's sound discretion to remove a juror whenever the judge becomes convinced that the juror's abilities to perform his duties become impaired." *United States v. Dominguez*, 615 F.2d 1093, 1095 (5th Cir. 1980); *United States v. Corsino*, 812 F.2d 26, 33 (1st Cir.1987). Once the Court has made the determination that a juror is unable to serve, he may be excused pursuant to Federal Rule of Criminal Procedure 24(c). *Id.* "It is well understood that the substitution of an alternate juror for reasonable cause is the prerogative of the court and does not require the consent of counsel." *United States v. Moten*, 564 F.2d 620, 629 (2d Cir.1977); *United States v. Smith*, 550 F.2d 277, 285 (5th Cir.1977) (juror ability to perform his duty impaired). Specifically, the district court has the discretion to excuse an untruthful juror. *U.S. v. Fryar*, 867 F.2d 850, 853 (5th Cir.1989).

■ In this case, the group of fifteen jurors has stated that Juror # 36 has admitted to drug use. During the individual voir dire of each juror, Juror # 36 was directly asked the following question: "Have you or has any close friend or family member ever had a continuing or serious involvement or contact with illegal drugs, or drug users or sellers?" To which Juror # 36 responded "No." Based upon the declarations of the rest of the jury, the Court hereby finds that Juror # 36 was not truthful with the Court and is therefore unable to serve as a juror and must be replaced with an alternate pursuant to Federal Rule of Criminal Procedure 24(c). *See United States v. Williams*, 737 F.2d 594 (7th Cir. 1984) (In addition to assessing the impact of an improper contact, the district court has broad discretion to remedy prejudicial influences.) Furthermore, during the first voir dire, Juror # 36 was asked "Can you think of any matter that you should call to the Court's attention which may have some bearing on your qualifications as a juror, or which may prevent your rendering a fair and impartial verdict based solely on the evidence and the law as I shall instruct you?" To which Juror # 36 responded in the negative. Yet when he was polled today as to his ability to follow the Court's instructions in this case he stated that it was difficult for him to serve as a juror because he is an "Independentista" (person who wants the island of Puerto Rico to be a separate republic) who believes that the United States federal courts should not have jurisdiction in Puerto Rico. This is clearly a matter Juror # 36 should have brought to the Court's attention during the voir dire process. His dishonesty about his ability to serve as a juror is another instance of untruthfulness for which the Court is compelled to discharge him and substitute an alternate juror. Juror # 36 must be "excused to assure not only actual

fairness, but the appearance of fairness as well." *United States v. Richman,* 600 F.2d 286, 295 (1st Cir.1979).

 "The scope of an investigation into juror misconduct rests with the court's discretion." *Fryar,* 867 F.2d at 854. The voir dire of each individual juror in order to investigate what effects Juror # 36 may have had upon the impartiality of the remaining jurors, is the most proper procedure. *United States v. Moten,* 564 F.2d 620 (2d Cir.) *cert. denied* 434 U.S. 959, 98 S.Ct. 489, 54 L.Ed.2d 318 (1977) (seven weeks after commencement of trial, Court was advised that a juror had sought to contact a defendant—when jury questioned no taint found and trial proceeded). This procedure also accords with the First Circuit suggested formula for evaluation of jury misconduct in the context of motions for new trial. *United States v. Doe,* 513 F.2d 709, 712 (1st Cir.1975).

▮ Furthermore, a mistrial is not appropriate when each juror states in chambers that he or she is not prejudiced or in any way hampered from impartially considering the charges against the defendant. *United States v. Fleming,* 594 F.2d 598, 608 (7th Cir.) *cert. denied* 442 U.S. 931, 99 S.Ct. 2863, 61 L.Ed.2d 299 (1977). Where jury partiality is alleged, there is not a presumption of prejudice; rather the defendant has the burden of proving actual prejudice. *Smith v. Phillip,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). (Only private communications between jurors and third persons are presumptively prejudicial. *United States v. Pennell,* 737 F.2d 521, 532 (6th Cir.1984); *Remmer v. United States,* 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954)). Where the district court views the juror assurances of continued impartiality to be credible, the court may rely upon such assurances in deciding whether a defendant has satisfied the burden of proving actual prejudice. *United States v. Pennell,* 737 F.2d 521, 533 (6th Cir.1984). In this case, the assurances of impartiality of all fifteen jurors are credible, and therefore the Court finds that the Juror # 36 misconduct "was clearly not prejudicial." *United*

*States v. Doe,* 513 F.2d 709, 712 (1st Cir. 1975). Accordingly, a mistrial is not appropriate. "A trial may proceed if the court, after considering factors such as the communication's nature, the juror's responses, and the curative ability of instructions" and the remedial options of the Court such as replacement with alternate jurors. *United States v. Williams,* 737 F.2d 594, 612 (7th Cir.1984).

IT IS SO ORDERED.