**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1904
_____

SERGEI KOVALEV,
                    Appellant

v.

CITY OF PHILADELPHIA;
PAULA WEISS, EXECUTIVE DIRECTOR OF PHILADELPHIA
OFFICE OF ADMINISTRATIVE REVIEW, IN HER INDIVIDUAL CAPACITY;
YOLANDA KENNEDY, CLERICAL SUPERVISOR OF PHILADELPHIA
OFFICE OF ADMINISTRATIVE REVIEW, IN HER INDIVIDUAL CAPACITY;
ANGELINEL BROWN, DEPUTY SHERIFF SERGEANT OF PHILADELPHIA
SHERIFF'S OFFICE, IN HER INDIVIDUAL CAPACITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-06380)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2021
Before:  CHAGARES, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 1, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Sergei Kovalev appeals from the District Court's order granting in part and denying in part his motion to vacate the District Court Clerk's taxation of costs. For the following reasons, we will affirm the District Court's judgment.

I.

Kovalev filed suit against the City of Philadelphia ("the City") and three of its employees. Kovalev asserted in his complaint that trash-collection fees were improperly assessed against his property (a purported house of worship); that he attended an October 2015 hearing before the City's Office of Administrative Review, and then a December 2015 hearing in front of the City's Tax Review Board, to challenge those fees; that he received unfavorable decisions; and that his treatment by defendants during the administrative review process was tortious, unconstitutional, and retaliatory. The only claims of Kovalev's that survived dispositive motions—claims of First Amendment retaliation against defendants Yolanda Kennedy and Paula Weiss—fell short at the end of a three-day jury trial. Kovalev appealed, and we affirmed. See Kovalev v. City of Philadelphia, 775 F. App'x 72, 77 (3d Cir.) (per curiam), cert. denied sub nom. Kovalev v. City of Philadelphia, Pa., 140 S. Ct. 620 (2019).

Counsel for Kennedy and Weiss filed a bill of costs in the District Court shortly after the conclusion of the jury trial in January 2018. Kovalev objected to the bill on several grounds, including his pending appeal. After our mandate issued in mid-2019, the Clerk of the District Court sent a letter to the parties requesting written objections

2

from Kovalev to the bill of costs. Kovalev promptly responded with updated objections and argued, inter alia, that he intended to file a petition for a writ of certiorari with the United States Supreme Court and that the Clerk and District Court should wait to consider the defendants' bill of costs until that petition was resolved. The Supreme Court denied Kovalev's petition in December 2019. Within a month, Kovalev filed two new lawsuits in the District Court based in part on the conduct of the first case, naming Kennedy and Weiss among the defendants in both new actions. The District Court dismissed both complaints sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and we affirmed in both cases. See Kovalev v. Claiborne, 829 F. App'x 592, 593 (3d Cir. 2020) (per curiam); Kovalev v. City of Philadelphia, 833 F. App'x 972, 974 (3d Cir. 2021) (per curiam).

In April 2021, the Clerk of the District Court taxed the costs requested in the bill of costs submitted for Weiss and Kennedy and entered a corresponding judgment in their favor against Kovalev in the amount of $2,344.33. Kovalev moved for review and to vacate the taxation of costs and judgment. The District Court reduced the taxation of costs by $335.30 but otherwise denied Kovalev's motion. Kovalev appeals.

II.

We have jurisdiction under 28 U.S.C. § 1291. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 456 (3d Cir. 2000). "[I]n reviewing the District Court's decision to impose costs in this case, we exercise plenary review as to legal questions pertaining to

3

Rule 54(d)(1). In reviewing the District Court's application of those legal precepts, we reverse only if that application exceeded the bounds of discretion." Id. at 458.

III.

Federal Rule of Civil Procedure 54(d)(1) creates a strong presumption that costs, as defined by the relevant statutes and caselaw, are to be awarded to a prevailing party. In re Paoli, 221 F.3d at 462, 468. "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. at 462-63.

Kovalev argues that the District Court lacked jurisdiction to award costs because of the delay of more than a year between the Supreme Court's denial of his petition for a writ of certiorari and the Clerk's judgment awarding costs. He relies on the guidance in Federal Rule of Civil Procedure 1 that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Kovalev does not cite, and we are not aware of, any authority specifically imposing any time limit on the District Court's authority to award costs after a timely motion.

We need not consider here whether there is any potential limit, as we determine that the District Court did not err in awarding costs despite the delay in this case. Kennedy and Weiss prevailed at trial and timely filed their bill of costs. Kovalev reasonably asked the Clerk of the District Court to refrain from ruling on the bill of costs until his appeals were fully resolved. Immediately after the Supreme Court denied Kovalev's petition for a writ of certiorari, he filed related cases concerning the conduct of

4

this lawsuit, which were not fully resolved until early 2021. The Clerk of the District Court awarded costs in this case in April 2021. Under these circumstances, the delay between the final resolution of the merits and the award of fees does not displace the "strong presumption" in favor of awarding costs. See In re Paoli, 221 F.3d at 462, 468; cf. U.S. v. Hoffa, 497 F.2d 294, 296 (7th Cir. 1974) (affirming taxation of costs where prevailing party filed bill of costs "within one year of the entry of the final order" after appeals).

Kovalev next argues that Kennedy and Weiss cannot be awarded the costs at issue because those costs were actually incurred by the City, which, despite being a prevailing party, did not itself file a bill of costs. While the City was a defendant in this case, the City's Law Department represented Kennedy and Weiss.[1] Kovalev argues that Kennedy and Weiss cannot recover the costs of their defense because they have not shown that they are personally liable for those costs. We disagree. Courts have permitted prevailing parties to recover the costs of litigation even when those costs are borne by third parties. See, e.g., Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991) (awarding costs where insured's defense funded by insurer).[2] Kovalev did not show that any of the awarded costs were incurred only for the City's own defense and were not

---

[1] Kovalev emphasizes that he sued Kennedy and Weiss only in their personal capacities, but that did not prevent the City from representing them.

[2] Kovalev focuses his argument on the text of 28 U.S.C. § 1924. But the statute permits a prevailing party's attorney or agent to make the required affidavit and requires that the costs be "necessarily incurred in the case," not personally by the party.

necessary to Kennedy and Weiss's defense. The transcripts at issue, for instance, were cited in the summary judgment briefing to specifically address Kovalev's claims against Kennedy and Weiss. Mem. and Op. 11, ECF No. 208; Defs.' Mem. of Law 5-8, 13, 22-24. The District Court correctly awarded costs to Kennedy and Weiss, even though the City defended them in this case.

We have considered Kovalev's remaining arguments, but they are not persuasive. His allegations of unclean hands are meritless repetition of his previous claims. The District Court did not abuse its discretion in considering Kovalev's alleged indigency. "[I]f a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs." In re Paoli, 221 F.3d at 464. And the District Court did not abuse its discretion by rejecting Kovalev's remaining objections to specific costs after a detailed and reasoned analysis.

IV.

Accordingly, we will affirm the judgment of the District Court.